### JOHN C. WRIGHT *against* ELISHA TUTTLE.

WRIT of error.

This was an action of *covenant broken*, on an indenture of apprenticeship, brought by *Wright*, the master, against the father of the apprentice.

The declaration counted upon the covenants on the part of the plaintiff in the following words : " And the plaintiff, in and by said indenture, bound himself to use the utmost of his endeavours to teach, or cause to be taught and instructed, the said *Norman* (the apprentice) in the art, trade and mystery aforesaid, and to procure and provide for him the said *Norman* sufficient meat, drink, lodging and washing fitting for an apprentice, during the aforesaid term ; and also to allow the said *Norman*, in consideration of his having then already obtained some knowledge of the said business, at the rate of one hundred and ten dollars a year, in cash or clothing, as might be mutually thought his necessities might require, during the said term of his apprenticeship." The declaration then proceeded as follows : " And in considera-

*In an indenture of apprenticeship, it was covenanted on the part of the master, to instruct the apprentice, and to furnish him with board and washing during the term; and also, in consideration of his having previously obtained some knowledge of the business, to allow him at the rate of 110 dollars a year, in cash or clothing as it might be mutually thought his necessities required. Then followed these words: "Pro-vided the said*

apprentice shall make good to his said master all time he may lose on account of sickness, or other account, and pay for all physic or attendance of physicians and surgeons that he may require during the term." Held that this clause was a covenant on the part of the apprentice, and not merely a qualification of the preceding covenants on the part of the master.

In an action for the breach of such covenant, a general averment that the plaintiff has kept and performed all the covenants in said indenture on his part to be performed," is not only sufficient, but is the most proper form ; the distinction being, that where the act done involves in it a question of *law*, viz. whether it is done as the law directs, the *quo modo* must be pointed out ; but where it is a mere matter of *fact*, a general averment of performance is the most proper.

In such action it is also sufficient for the plaintiff to allege that the apprentice fell sick during the term, and so continued for the space of five months, whereby the plaintiff lost his service during that period, and in providing physic and the attendance of physicians and surgeons for him, while sick as aforesaid, the plaintiff was put to great expense, &c. without stating in terms that such expense was necessary ; for it appears certain, to a common intent, that *some* expense of that sort was necessary, and it is the province of the jury to determine the amount.

June, 1810.

WRIGHT
v.
TUTTLE.

tion of the premises, it was by the defendant in and by said indenture, among other things, covenanted and promised, that said apprentice should make good to his said master, the plaintiff, all time he might lose on account of sickness or other account, and pay the plaintiff for all physic and attendance of physicians and surgeons, that he might require during the said term.　And the plaintiff says, that the said *Norman* entered into his the plaintiff's service, to serve and be instructed according to the true intent and meaning of his said indenture; and that on the 4th of *October*, 1808, the said *Norman*, then being in the service of the plaintiff as aforesaid, fell sick, and so continued for a long time, viz. for the space of five months, whereby the plaintiff, during the whole of the period last aforesaid, entirely lost the service of the said *Norman ;* and in providing physic, and the attendance of physicians and surgeons for him the said *Norman*, while sick as aforesaid, he was put to great expense, and expended a large sum of money, viz. one hundred and twenty dollars ; of which the said *Norman* and the defendant have had notice."　Performance on the part of the plaintiff, and a breach by the defendant, were thus alleged : "Although the plaintiff has kept and performed all the covenants in said indenture, on his part to be performed, yet the said *Norman* has not made good to him the plaintiff the time lost as aforesaid, nor has he paid the sum last aforesaid, or any part thereof, for physic and attendance of physicians and surgeons for him the said *Norman*, so provided by the plaintiff."

On *oyer*, that part of the indenture which is material in this case, appeared to be as follows : " And the said master shall use the utmost of his endeavours to teach, or cause to be taught or instructed the said apprentice in the trade or mystery of a printer, and procure and provide for him sufficient meat, drink, lodging and washing fitting for an apprentice, during the said term of one year, three months, and twenty-eight days ; and also, in

consideration of his having already obtained some know-
ledge of the business, the said master shall allow him at
the rate of one hundred and ten dollars a year, to be paid in
cash or clothing, as it may be mutually thought his ne-
cessities require; provided the said apprentice shall make
good to his said master all time he may lose on account
of sickness, or other account, and pay for all physic or
attendance of physicians and surgeons that he may re-
quire during the said term."

The defendant demurred to the declaration; and the
superior court adjudged the same to be insufficient.

*Bacon,* in support of the judgment.

1. The declaration counts upon a covenant on the part
of the defendant, that the apprentice should pay the
plaintiff for all physic and attendance of physicians, that
he might require during the term. It is contended on
the part of the defendant, that no covenant of this de-
scription is contained in the indenture which has been
recited on *oyer.* From that it appears that the plaintiff
covenanted to allow the apprentice at the rate of 110
dollars *per annum,* in cash or clothing, &c. " provided
the said apprentice shall pay for all physic and at-
tendance of physicians that he may require during the
term."

This proviso is a condition qualifying the covenant on
the part of the plaintiff, but is not a covenant on the part
of the apprentice. When the word *provided* follows a
covenant executory, and imports something to be done
by the covenantee, it is always a condition qualifying the
preceding covenant, but never makes a covenant on the
part of the covenantee. The case of *Holder* v. *Taylor,*
1 *Roll. Abr.* 518. cited in *Esp. Dig.* 267. is decisive of
this point, and is scarcely in terms distinguishable from
the present case. That case has ever been recognised
as law by subsequent courts, and elementary writers.

June, 1810.

WRIGHT
v.
TUTTLE.

The same principle is to be found in *Cromwell's Case,* 2 Co. 71. b. and in *Geery* v. *Reason, Cro. Car.* 128.

It has been contended for the plaintiff, that the intention of the parties is to govern in the construction of this indenture. Be it so; that intention, however, is to be learnt from the words of the instrument. And who can say the parties did not understand the words they used? The natural as well as legal import of the word *provided* is a condition; and no rule of construction will warrant a court in wresting this word from its obvious meaning, and conjecturing that the parties meant a covenant by it. No man can safely execute any instrument, if a court can so far depart from the words of it, and indulge in speculation as to a supposed intention of the parties not expressed in the deed.

2. If the court should be of opinion that this is a covenant on the part of the apprentice, and that the defendant is bound by it, yet the plaintiff is not entitled to recover without averring in his declaration a performance of the covenant on his part. *Thorpe* v. *Thorpe,* 1 *Salk,* 171. *Goodwin* v. *Nunn,* 4 *Term Rep.* 761. *Morton* v. *Lamb,* 7 *Term Rep.* 131. and *Heard* v. *Wadham,* 1 *East,* 619.

[*Gould,* for the plaintiff, here admitted that the covenants were concurrent, and that the plaintiff must aver performance; but contended that the declaration contained that averment.]

On this admission the question is, whether the declaration contains a sufficient averment that the plaintiff has performed his covenant in the indenture. "An averment signifies a positive statement of facts in opposition to argument or inference." 1 *Chit. on Plead.* 307. The only averment of performance in the declaration is in these words: *And although the plaintiff has kept and performed all the covenants in said indenture on his part to be per-*

*formed ; yet the said Norman has not, &c.* This is not a positive statement of facts, and, therefore, no averment. It is a legal inference from facts which ought to have appeared in the declaration. The covenant is to pay the apprentice at the rate of 110 dollars *per annum*, in cash or clothing, &c. The declaration should show that the plaintiff had made the payment, and how—whether in cash or clothing. The manner of performance must be stated with certainty, that the court may judge from the face of the declaration whether the intent of the covenant has been duly fulfilled. 1 *Chit. on Plead.* 316, 317. *Com. Dig. Pleader*, C. 58, 59, 60. When the facts which constitute the performance are stated in the declaration, the defendant may contest their sufficiency by a demurrer, or their truth by a traverse. But in the form in which this averment is made, he can do neither; he cannot traverse this legal inference, nor can the court on demurrer see facts to warrant it.

There are many cases in which the declarations contained averments much more explicit than this, which were held bad on demurrer. *Leneret* v. *Rivet, Cro Jac.* 503. *Alington* v. *Yearkner, Cro. Jac.* 165. *Codner* v. *Dalby, Cro. Jac.* 363. *Worsley* v. *Wood,* 6 *Term Rep.* 710.

3. The covenant as claimed by the plaintiff is, that the apprentice shall pay for all physic, &c. which he may require during the term. No breach of this covenant is assigned in the declaration. The breach assigned is, that the apprentice has not paid the plaintiff 120 dollars for physic, &c. which he provided. But there is no covenant to pay for the physic which the *plaintiff* might *provide ;* it is for what the *apprentice* might *require.* For aught that appears the apprentice may have paid for all physic he required, and this was all he was bound to pay for. The breach must be assigned in the words of the covenant, as in words which are *coextensive* with the im-

June, 1810.

WRIGHT
v.
TUTTLE.

port and effect of it.   *Com. Dig. Pleader*, C. 45. 47. &c. 4
*Chit. on Plead.* 326.

There is no averment in the declaration, that the apprentice required physic.   It is stated that he was sick. This might have been evidence on which the jury might have found that he required physic; as a demand and refusal is evidence of conversion.   But such allegations cannot supply the place of a material averment, or supersede its necessity.   This principle is stated in *Hunt* v. *Hope*, *Cowp.* 242.

*Benedict* and *Gould*, for the plaintiff.

1. The plaintiff declares upon a covenant on the part of the defendant to make good to the plaintiff the lost time of the apprentice, and to pay for medicine and attendance of physicians.   The objection is, that the writing shown on *oyer* does not support the declaration.   If the clause in question may be construed as a covenant, there is unquestionably no variance; for, upon that supposition, the declaration is according to the legal effect. To determine whether this is a covenant, the court will look at the whole instrument, and see what was the intention of the parties.   Any thing under their hands and seals, importing an agreement, will amount to a covenant.   1 *Esp. Dig.* 267.   The word "except" may make a covenant.   *Cole's Case*, 1 *Salk.* 196.   The clause in question must have some effect.   To avoid our construction, the defendant contends that it is a condition annexed to the covenants on the part of the master.   But the nature of the transaction shows that this construction is absurd.   The master was to instruct the apprentice; furnish him with board and washing; and pay him a yearly stipend in cash or clothing, as his exigencies might require, *during the term.*   Such are the terms of the indenture, and such was undoubtedly the intention of the parties.   But the apprentice could not make good lost time, and reimburse his sickness expenses, *during the*

*term ;* nor could it have been the intention of the parties that he should. The acts to be done by the apprentice cannot, therefore, be a condition, on which the stipulations of the master are dependent.

2. The averment of performance on the part of the plaintiff is sufficient. It is positive, and coextensive with the covenants. The words of the averment are according to the *English* forms. It is not necessary to aver performance specifically, and *in quo modo.* This would make the record intolerably prolix. Such a rule as is contended for by the defendant, would render it necessary in this case to specify all the articles of clothing furnished, and all the small sums of money paid. Nor do the cases cited support such a rule. In *Leneret* v. *Rivet, Cro. Jac.* 503. the averment was held to be faulty, not on account of the generality of it, but because it did not show a performance, in pursuance of the agreement. In *Thorpe* v. *Thorpe,* 1 *Salk.* 171. the averment was general, and the declaration was adjudged to be good. In *Heard* v. *Wadham,* 1 *East,* 619. there was no averment of performance, but of other acts substituted by a parol agreement in lieu of those specified in the covenant.

3. The averment that the medicine and medical assistance furnished by the plaintiff were such as the necessities of the apprentice required, is sufficient. It is averred that the apprentice " fell sick," and that the expense was incurred in providing for him " while sick as aforesaid." These things were necessaries of course ; they could not be otherwise ; and this appears to the court upon the record. The pleading of a feoffment without livery is good upon special demurrer, because there cannot be a feoffment without livery. This is not a mere statement of *evidence ;* but of the *facts* which it is necessary should appear.

REEVE, J. The plaintiff brought his action for the

June, 1810.

WRIGHT
v.
TUTTLE.

breach of a covenant by the defendant in an indenture, by which indenture the plaintiff stated, that the defendant bound his son an apprentice to the plaintiff to learn the art and mystery of printing, and covenanted among other things, that said apprentice should make good to the plaintiff all the time that he might lose on account of sickness, and pay the plaintiff for all physic and attendance of physicians and surgeons that he might require during the term of his apprenticeship; that during the term the said apprentice fell sick, and so continued for five months; that by reason thereof he lost the service of said apprentice during that time, and had expended for him, in physic and in paying for the attendance of physicians and surgeons, the sum of one hundred and twenty dollars; that the said apprentice had never made up the lost time, and the plaintiff had never been paid the sum so expended for him, of all which the defendant had notice, and refused to fulfil his covenant aforesaid. And, thereupon, the defendant, having prayed *oyer* of the indenture aforesaid, recited it at large, and then demurred. That part of the indenture upon which the principal question in this case arose, provided that the plaintiff should procure and provide for the said apprentice sufficient meat, drink, lodging and washing, fitting for an apprentice, during the term of apprenticeship; and also, in consideration of said apprentice having already obtained some knowledge of the business of printing, that the plaintiff should allow him at the rate of one hundred and ten dollars *per annum*, to be paid in cash or clothing, as it might be mutually thought his necessities required; *provided*, the said apprentice should make good to the plaintiff all time that he might lose on account of sickness or other account, and should pay for all physic or attendance of physicians or surgeons that he might require during his term of apprenticeship.

The defendant contends, that the words in the indenture which the plaintiff claims to be a covenant, are only

a qualification of the plaintiff's covenant; and that the true construction of the indenture is, that the plaintiff was bound to pay at the rate of 110 dollars per year, for the services of the apprentice, on condition that the apprentice made up the time lost by sickness, and paid the expenditures for physic, physicians and surgeons, and if the apprentice did not so do, the plaintiff was not obliged to pay him, the apprentice, any thing. The plaintiff contends, that those words contain a covenant on the part of the defendant, and that the construction of the indenture is, that he, the plaintiff, was bound to pay the apprentice during the term, at the rate of 110 dollars per year, and the defendant was bound to pay for loss of time by the apprentice, and the expenditures in physic, &c.

It is to be remarked, that no particular words are prescribed by law as necessary to make a covenant. The court must be governed by what appears to be the intent of the parties. I think it must be satisfactory to every person who examines this indenture, that what was to be performed by the plaintiff was to be done during the term of the apprenticeship; for he was to pay at the rate of 110 dollars per year, and it was to be paid in cash or clothing, as the apprentice's necessities required. This leads the mind to conclude, that this clothing was to be furnished during the term of apprenticeship; for it is not probable that he was to furnish clothing for the apprentice after he had left the plaintiff, and was discharged from his service. There could be no reason assigned why the payment should then be in clothing; but the reason why it should be so made during the apprenticeship, is apparent; for although provision had before been made for board, lodging and washing, yet there was none for clothing; only by the provision in the covenant to pay for his services in cash or clothing as his necessities should require, as

was to be mutually agreed between them. That there should be a mutual agreement between them during the apprenticeship is perfectly natural. But that there should be a mutual agreement respecting furnishing clothing for a man no longer his apprentice, or member of his family, is improbable. If, then, the covenant, on the part of the plaintiff was to be performed during, and at the end of, the apprenticeship, his obligation did not depend upon the defendant's paying for loss of time, &c. but he was bound to perform before it could be known that the apprentice would or would not make up lost time, or pay for physicians, &c. It follows, of course, then, that the words, " provided the said apprentice shall make good to his said master all time he may lose on account of sickness or other account, and pay for all physic or attendance of physicians and surgeons that he may require during said term," are not a qualification of the plaintiff's covenant, but an unconditional covenant of the defendant so to do.

It is further urged by the defendant in this case, that if those words before alluded to, are to be considered as a covenant, the covenants in the indenture are dependent; and that in that case, the plaintiff must aver performance on his part, which the defendant insists has not been done in such manner as the law requires ; that the averment in the declaration is only that the plaintiff has performed the covenants on his part to be performed, but that the averment ought to have been more specific, pointing out how he had performed them. It is true, the covenants are dependent, and averment of performance by the plaintiff must be made ; and this has been done in the best possible manner. An averment of performance generally, in such a case as this, is not only sufficient, but it is the only proper mode. If the *quo modo* had been averred, it would not have rendered the averment ill ; but it would have been a needless surplusage. Where a man avers that he has done a thing

which involves in it a question of law, whether it is done as the law directs, the *quo modo* must be averred. As if a man had covenanted to release another, and he avers he has released him, he must also show how, that the court may judge whether it is a release in point of law. But when the thing covenanted to be done is a mere matter of fact, the *quo modo* need not be pointed out; but a general averment that he has performed on his part is the proper mode, and conformable to the *English* precedents in such cases.

It is further urged by the defendant, that it does not appear that the physic was necessary. It is a sufficient answer that it appears certain, to a common intent, that some physic and some physical aid was necessary; for it is stated that the said apprentice was sick five months. It does not, indeed, appear that as much as was expended was necessary, but that can have no weight; for any controversy respecting this question, it is the province of the jury to settle. If any was necessary, the declaration is supported.

With this view of the subject, I am of opinion that there was manifest error in the judgment of the superior court.

MITCHELL, Ch. J., EDMOND, BRAINERD, BALDWIN and J. C. SMITH, Js. were of the same opinion.

N. SMITH, J. This was an action in favour of the master against the father of an apprentice founded on an indenture of apprenticeship.

In the indenture, after various covenants, one is added wherein the master agrees, in consideration that the apprentice has already some knowledge of the trade, to allow him 110 dollars a year, either in *money* or *clothing*, as shall be mutually thought his necessities may require. Then is added a clause in these words: "Provided the apprentice shall make good all the time he may lose on

WRIGHT
v.
TUTTLE.

account of sickness, and pay for all physic *he may require.*" And the action is brought to recover for moneys expended to the amount of 120 dollars, for the apprentice when sick. But the plaintiff does not allege that it was necessary for the apprentice, or that he required it.

The plaintiff then states in his declaration that this sum has never been paid; though he has kept and performed all the covenants on his part, but does not allege particularly that the 110 dollars a year has been paid: which, as appears from the declaration, amounts to more than the 120 dollars, said to be paid out for the apprentice. The superior court adjudged this declaration insufficient, and I think that judgment was correct.

This being an action against the father, for moneys expended for his minor son, it is an essential allegation that the expenditure was necessary. And a sound construction of the language of this covenant renders the father liable for such expenditures as were necessary, and for no other. The words " may require," as used in this clause, mean the same thing as *may be necessary*, or *may reasonably require.*

The plaintiff, then, shows no right to recover, without an allegation that the moneys so expended were necessary.

But if we are to suppose the words *may require*, as used in this clause, mean any thing different from what I have stated, there is, then, but one alternative. They must mean to subject the father for such expenses as the apprentice should request or desire. And there is no allegation that the minor ever requested, or desired, or in any sense required, this expense. The allegation that the apprentice was *sick* amounts to nothing; since it is not every sickness that requires expense. If we were to conclude it probable from those allegations, that the expenditures were necessary, still there is no allegation to that effect which is traversable.

June, 1810.

WRIGHT
v.
TUTTLE.

I am also of opinion, that the allegation of performance on the part of the plaintiff, is insufficient to warrant a recovery of the defendant.

The general expression of "though he has kept and performed all the covenants on his part," means no more than that he has not violated any covenants on his part; and this would be true, if he had paid the surplus of the 110 dollars a year, after reserving the 120 dollars so expended. And yet, from this state of facts, it is perfectly obvious that the plaintiff would have no right to recover.

In looking for the meaning of the parties to this indenture, I would not stop at the word *provided*, but look through the whole instrument.

The parties appear to be contemplating that the apprentice may want clothing in the fore part of the term, and in the part may fall sick, and require the expenditure of money. Should this be the case, and the 110 dollars a year be all actually laid out in clothing, before the expenses for sickness were incurred; it was doubtless their meaning that the moneys so paid out should be reimbursed.

They appear, also, to have it in contemplation, that the 110 dollars a year may not be wanted for clothing, or, at any rate, not the whole of it. And the apprentice is not obliged to take any of it in clothing, if he can provide for himself otherwise; in which case he could demand payment in money at the end of his time. But in this event, it was doubtless the meaning of the parties, that the apprentice should have no right to demand the money till he had first made up all lost time, and refunded all moneys expended on his account.

The clause in question would, therefore, operate as a condition to the preceding covenant, or as a distinct independent covenant, as events should happen; and the plaintiff cannot claim it as an independent covenant, without stating that he had paid out the stipulated sum for clothing.

If that sum has not been paid, neither party can reco-ver of the other, unless there should be a surplus, after making the application; and then, it will be for the sur-plus only. In this way, complete justice is done be-tween the parties, and, in my opinion, their manifest in-tention pursued.

I am therefore of opinion, that, to entitle the plaintiff to a recovery, he ought to have stated that he had paid the sum in full which he stipulated to pay, or, at least, so much of it, as to leave a balance in his favour; and that the general allegation of " although he had performed on his part" is insufficient to that purpose.

TRUMBULL, J. concurred in this opinion.

SWIFT, J. There is no word more proper to import or express a condition, than the word *provided;* and it shall always be so taken, unless it appear from the con-text to be the intent of the party that it shall constitute a covenant. The question, therefore, arising in the con-struction of the instrument is, what was the intent of the parties?

The manifest object of the parties appears to have been, to secure to the apprentice wages at the rate of 110 dollars per year, allowing for clothing, sickness, and loss of time, from the circumstance that he had partially learned his trade. This circumstance is the considera-tion inducing the master to promise him wages; and the making up of lost time, and the paying of the expense of sickness, is a condition on which such promise is to be performed. When the proviso contains a stipulation to do an act which is the consideration of the promise on the other side, then the proviso ought to be deemed a covenant : but if the proviso constitutes no part of the consideration, and is a mere circumstance on which the covenant is to be void or binding, then it cannot import a covenant, but must be a condition.

3

The object of the parent and apprentice was to obtain some advantage from his having partially learned the trade. It was not their intent to make different cove-nants from what are usual as to support, clothing and sickness; yet it was not reasonable that the master should pay wages, if the expense of clothing and sick-ness and the loss of his time should be more than the value of his labour. It was, therefore, properly made a condition of the payment of wages, that the expense of sickness should be reimbursed, and the lost time made up; but it never could have been intended by the parent and apprentice to take on themselves the expense of sickness, and the making up of lost time, which is never done in such cases, for the purpose of obtaining as much for wages as they might exceed the expense of clothing, when the consideration for the promise to pay wages is, that the apprentice has partially learned his trade. Sup-pose the apprentice had been sick the whole time, and the amount of the wages had been paid to him in money and clothing; the father then would have been liable to pay the whole expense of sickness, and make up the whole time, on the construction of the covenant contend-ed for by the plaintiff. Such could not have been the in-tent; and it is evident that the word *provided* was intro-duced into the covenant for the express purpose of guarding against such an unreasonable construction.

As to the declaration, it is a plain principle, that the plaintiff must state such facts as show he has a right to recover. It cannot be pretended that these covenants were independent, and the plaintiff entitled to recover all he paid for sickness, and the defendant the whole amount of wages. The fair construction is, that the plaintiff should recover only what he had advanced for sickness beyond the amount of wages; for otherwise the defendant might be entitled to recover back for wages the same money he had just paid for expenses of sick-ness.

The plaintiff in his declaration has alleged, that he has performed his part of the covenant; that he has paid 120 dollars for sickness, which the defendant has not paid. There is no allegation that any money or clothing was mutually agreed to be necessary for the apprentice. The plaintiff, therefore, performed his part of the agreement if he advanced nothing on that account; and as there is no averment that he advanced any thing, it does not appear from the declaration that the plaintiff paid either money or clothing on account of wages; admitting, then, that he paid 120 dollars for sickness, it does not appear that this was a greater sum than the apprentice was entitled to for wages; of course, taking every allegation to be true, the plaintiff does not show any right to recover, or that the defendant has been guilty of a breach of his covenant. He ought expressly to have alleged what sums of money, and what clothing he had advanced on account of wages; and to have shown that he had paid a certain sum for the expense of sickness beyond the amount of wages to which the apprentice was entitled. As this fact does not appear, the declaration was insufficient, and the judgment of the superior court ought to be affirmed.

Judgment reversed.