(161 App. Div. 11)

### COYKENDALL v. BLACKMER.

(Supreme Court, Appellate Division, Third Department. March 4, 1914.)

INSURANCE (§ 182*)—MORTGAGEE CLAUSE—CONSTRUCTION—"PROVIDED."

The clause, "provided that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee shall, on demand, pay the same," being a part of the mortgagee clause of the New York Standard policy, and issued to a mortgagee upon the application and at the request of the mortgagor, in accordance with a covenant of the mortgage, *held* a condition and not a covenant, since the word "provided" means "if," or "on condition," and is used to express a condition.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 392, 393; Dec. Dig. § 182.*

For other definitions, see Words and Phrases, vol. 6, pp. 5749–5751; vol. 8, p. 7770.] ·

Smith, P. J., dissenting in part.

Appeal from Trial Term, Chemung County.

Action by Jacob Coykendall against Franc B. Blackmer, executrix of George M. Blackmer, deceased. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Brendel, Standart & Bagot, of Buffalo (Francis E. Bagot, of Buffalo, of counsel), for appellant.

Herendeen & Mandeville, of Elmira (Bertram L. Newman, of Elmira, of counsel), for respondent.

LYON, J. The decision of this appeal depends upon the construction to be given to the New York Standard mortgagee clause. In 1906 George M. Blackmer became the mortgagee of real property situated in the city of Elmira, N. Y., the mortgage containing the following provision:

"Second; that the parties of the first part will keep the buildings on said premises insured against loss by fire for the benefit of the mortgagee."

This action is against the executrix of the mortgagee to recover the amount of the premiums upon 20 fire insurance policies, which at the request of the owner, who was also the mortgagor, of the premises insured, and in compliance with the above-quoted provision of the mortgage, had been issued and delivered to the mortgagee by the plaintiff, who was a fire insurance agent. Nine of the policies were issued in 1907 for the term of three years, and were renewed for a like term in 1910. The other two policies were for one year each. Each policy insured the mortgagor as owner, and had attached thereto a mortgagee slip as follows:

· "Mortgagee Clause.

"New York Standard.

"Loss or damage, if any, under this policy, shall be payable to George M. Blackmer, as mortgagee (or trustee) as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be·

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

invalidated by any act or neglect of the mortgagor or owner of the within described property nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazard-. ous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.

"Provided, also, that the mortgagee (or trustee) shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void.

"This company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice to the mortgagee (or trustee) of such cancellation and shall then cease, and this company shall have the right, on like notice to cancel this agreement.

"Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option, pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of their claim.

"Attached to and forming part of policy No. ...... (Naming insurance company). ............. Agent."

None of the policies were procured by the mortgagee, or issued at his request, but all were mailed to and received and retained by him, whether with the knowledge of the contents of the policy and attached slip does not appear, and is perhaps not material. The premiums aggregating upwards of $300 were due and payable upon the issuance and delivery of the policies, and were charged by the various insurance companies issuing them to the plaintiff, and were charged by the plaintiff upon his books of account to the owner, and were accounted for and paid by the plaintiff to the various insurance companies in his monthly settlements following the dates of issue. No part of the premiums was ever paid by the owner, nor any effort made by plaintiff to enforce collection thereof from her. No demand for payment of any portion of the premiums was made by the plaintiff upon the mortgagee until in January, 1911. The mortgagee died in April, 1912, and soon thereafter letters testamentary upon his estate were issued to the defendant, who, upon presentation by plaintiff of a claim for the payment of said premiums, rejected the same. In March, 1912, the plaintiff obtained from the various insurance companies issuing said policies assignments of all moneys due and to become due from, and all causes of action against, the defendant, and particularly of any cause of action which had arisen by reason of the issuance of such policies.

In October, 1912, this action was brought. The trial court found the facts, which were in effect conceded, as hereinbefore stated, but held as conclusions of law that the mortgagee became obligated to pay the plaintiff the amounts of said insurance premiums, with interest

thereon from the dates upon which the premiums became due, and the defendant was indebted to the plaintiff in such sum. From the judgment entered upon such decision, this appeal has been taken. The defendant filed no exceptions to the findings of fact of the trial court, but based his appeal solely upon the ground that the conclusions of law were not warranted by the findings of fact. The only question, therefore, before us is whether the plaintiff, as matter of law, is entitled to a recovery; that is, whether the clause, "provided that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand pay the same," should be construed as a covenant upon the part of the mortgagee to pay the premium in the event of the neglect of the mortgagor to pay the same, or should be construed merely as a condition which, if not complied with by the mortgagee, would foreclose him of the right to a recovery given him in the preceding portion of the mortgagee clause, notwithstanding the happening of any of the prohibited matters specified therein, which, under the conditions of the policy itself, would render the policy void. It must be conceded that unless the clause in question constituted a covenant, no recovery can be had in this action.

We are of the opinion that the word "provided" was used in the sense of "if" or "on condition," and hence that the clause referred to should be construed as a condition and not as a covenant. The word "provided" is defined by several authorities as follows: By Webster: "On condition, by stipulation, with the understanding, if." By Encyclopedia of Law and Procedure: "On condition, by stipulation, the appropriate term for creating a condition precedent, sometimes used in the sense of unless." In Robertson v. Caw, 3 Barb. 410, 418: "The appropriate term for creating a condition precedent." In Locke v. Farmers' Loan & Trust Co., 140 N. Y. 135, 148, 35 N. E. 578, 582: "The word 'provided' usually indicates a condition." And, to the same effect, Brennan v. Brennan, 185 Mass. 560, 71 N. E. 80, 102 Am. St. Rep. 363. In Rich v. Atwater, 16 Conn. 409, 418: "The proviso, it is said, requires such a construction. There has been much nice discussion upon the word 'provided.' 2 Co. 72; Cro. Eliz. 242, 385, 486, 560; Cro. Car. 128. It is certain, as is said by Judge Swift, that there is no word more proper to express a condition than this word 'provided'; and it shall always be so taken, unless it appears from the context to be the intent of the parties that it shall constitute a covenant. [Wright v. Tuttle] 4 Day, 326." Many authorities in other states might be cited to the same effect.

Unquestionably the mortgagee clause constituted a new agreement between the insurance company and the mortgagee, and was attached to the policy for the purpose of enabling the mortgagor to perform the covenant of insurance contained in the mortgage, and in consideration of the taking of the policy by the mortgagor. It must be interpretated in such manner as to carry out the intention of the parties, and for that purpose the whole clause must be considered. While the mortgagee clause was for the benefit of the mortgagee in the respect before referred to, it was for the benefit of the insurance company in that it required the mortgagee to notify the company of any change of own-

ership or occupancy or increase of hazard which should come to his knowledge, and to pay the premium for the increased hazard; otherwise the policy should be null and void. It also gave the insurance company, upon the payment of any sum to the mortgagee as loss or damage under the policy, the right, upon claiming that as to the owner no liability existed, to be subrogated, to the extent of such payment, to all the rights of the mortgagee, or at its option to pay the mortgagee the amount of the mortgage and receive an assignment thereof, and of all securities held as collateral to the mortgage debt.

The apparent meaning of the mortgagee clause is that the insurance, as to the interest of the mortgagee, shall not be invalidated by any act or neglect of the mortgagor, if the mortgagee shall on demand pay any unpaid premium, and hence that if the mortgagee shall on demand neglect or refuse to pay the unpaid premium, he shall no longer be entitled to avail himself of the stipulation that no act or neglect upon the part of the mortgagor shall invalidate the policy, but the insurance of the interest of the mortgagee shall thereafter be governed by the policy itself, and this was doubtless the relation of the mortgagee and the insurance companies following the demand of the company for the payment of the premium in January, 1911, and the neglect of the mortgagee to pay the premiums.

We are referred by the briefs of the respective counsel to but two cases in which the main question at issue here seems to have been decided, St. Paul Fire Insurance Co. v. Upton, 2 N. D. 229, 50 N. W. 702, and Safe Deposit Co. v. Thomas, 59 Kan. 470, 53 Pac. 472. In the former case the question arose upon a demurrer to the complaint, and the mortgagee took the novel position that the mortgagee clause could not be effective unless the mortgagee had paid the premium, which he could not have had the opportunity of doing in case the mortgagor paid it on time. In the latter case, the agent of the mortgagee negotiated with the agent of the insurance companies for the insurance, furnished the mortgagee slips, and the mortgage contained a covenant upon the part of the mortgagor to pay the insurance premiums, and a provision that if such payments were not made, the mortgagee might pay the premiums, and that the amount so paid, with interest at the rate of 12 per cent. per annum, should be a lien on the premises. The court apparently considered this clause, providing for the reimbursement of the mortgagee for any premiums paid by him, as important as bearing upon the intention of the parties that the mortgagee clause should be construed as a covenant. The mortgage in the case at bar contained no such provision. While it provided that the mortgagor would keep the buildings on the premises insured against loss by fire for the benefit of the mortgagee, the construction required by the statute to be given to such condition was that, in the event of the default of the mortgagor to keep the buildings insured, and the policies delivered to the mortgagee, the mortgagee might make the insurance, pay the premiums, and add the amount so paid with interest to the mortgage debt. Real Property Law, § 254, subd. 3 (Consol. Laws, c. 50 [Laws 1909, chap. 52]). The policies in question were never canceled, and in case they had been, the mortgagee, by the terms of the mort-

gagee clause, had 10 days after notice of cancellation in which to procure other insurance, and there was no time during the six-year period of their existence when the buildings were not kept insured by the mortgagor and the policies in the possession of the mortgagee, and hence the mortgagee was not at any time authorized to pay the premiums and tack the sum so paid to the mortgage debt.  Evidently the plaintiff relied upon the mortgagor for payment, as it was nearly four years after the issuance of the first policies, and one year after the expiration of 11 of the policies, before the plaintiff made demand upon the mortgagee for payment of premiums, and, so far as appears, such demand was the first notice which the mortgagee had that the premiums had not been paid by the mortgagor.  The plaintiff had the power to protect himself against loss by reason of nonpayment of premium by the mortgagor by canceling the policy, which one of the conditions thereof gave him the right to do on five days' notice.

Opposed to the two cases above cited is that of Ormsby et al. v. Phenix Insurance Co. of Brooklyn, 5 S. D. 72, 58 N. W. 301, holding that such clause constituted a condition and not a covenant.

The provision that no act or neglect of the mortgagor shall invalidate the insurance as to the interest of the mortgagee is not in any way dependent for consideration or validity upon the provision that the mortgagee shall, upon default of the mortgagor, pay the unpaid premiums, as it was held, prior to the insertion in the mortgagee clause of the latter provision, that the former was valid and enforceable.  Hastings v. Westchester Fire Ins. Co., 73 N. Y. 141.  Subsequent to the time of this decision the latter provision was inserted.  Had the intention been that the provision should be construed as a covenant rather than as a condition, a slight modification thereof or the addition of the words, "which the mortgagee hereby covenants to do," would naturally have been inserted and thereby all ambiguity removed.

"The general rule to be observed in the construction of an insurance policy is that, if possible, effect should be given to every word and expression contained therein, and if the policy be susceptible of two readings, or is so ambiguously expressed that reasonable and intelligent men on reading it might honestly differ as to its meaning, that reading must be adopted which is most favorable to the insured.  Kratzenstein v. Western Assurance Co., 116 N. Y. 54, 22 N. E. 221, 5 L. R. A. 799; Lite v. Firemen's Ins. Co., 119 App. Div. 410, 104 N. Y. Supp. 434.

"While it is the duty of the court to so construe the policy as, if possible, to give effect to every word used, if the sense in which the words were used is uncertain and the meaning is ambiguous, that meaning should be given which is most favorable to the insured" (citing several cases).  Rickerson v. Hartford Fire Ins. Co., 149 N. Y. 307, 43 N. E. 856.

To the same effect, Janneck v. Metropolitan Life Ins. Co., 162 N. Y. 574, 57 N. E. 182; London Assurance Co. v. Thompson, 170 N. Y. 94, 62 N. E. 1066.

We conclude that the provision in question should be construed as a condition rather than as a covenant, which leads to a reversal of the judgment and a dismissal of the complaint upon the merits.  In view of such conclusion we have considered it unnecessary to discuss the subject as to the effect of the assignments by the insurance companies to the plaintiff.  All concur.

SMITH, P. J. (concurring). I am unable to agree with Mr. Justice LYON in his construction of this contract. As I construe the contract the provision of the policy in question constitutes a covenant on the part of the mortgagee, if the insurance policy be accepted by him, to pay under the terms thereof. In the first place, before the word "provided" is a semicolon, which would be out of place if what followed were a mere condition of what preceded. While this fact of itself has not much significance, in a close question connected with other facts it is worthy of note. In the second place, the word "provided," which separates the two clauses, is printed in capital letters. This would not ordinarily be so if the clause thus introduced were merely a condition attached to what preceded it. Again, by section 254 of the Real Property Law, subdivision 3, if the mortgagor fails to keep the property insured, the mortgagee may do so, and charge the amount of the premiums paid as a part of the debt secured by the mortgage. The mortgagee and the insurance company are thus protected, and the·mortgagee is given his right to reimbursement from the mortgagor. These considerations indicate the intention of the Legislature to make this provision of the contract a covenant on the part of the mortgagee upon the acceptance of the policy by him. This construction is further in accord with the holding of the court in the case of St. Paul Fire & Marine Insurance Co. v. Upton, 2 N. D. 229, 56 N. W. 702; and also in the case of Safe Deposit Co. v. Thomas, 59 Kan. 470, 53 Pac. 472. I do not read in the case of Ormsby v. Phœnix Insurance Co., 5 S. D. 72, 58 N. W. 301, any different rule of construction. The clause of the policy there construed was an entirely different clause, and could in no event, without forced construction, have been held as imposing a covenant upon the part of the mortgagee.

It does not follow, however, that the defendant is liable in this action. The mortgagee is to pay these premiums on demand. This demand cannot be made capriciously at the convenience of the insurance company, but must be made in the usual course of business. That means within a reasonable time upon the failure of the mortgagor to pay the insurance. This interpretation is in accord with the interpretation of analogous contracts. An indorser upon a note payable on demand is only made liable if the demand be made within a reasonable time. Moreover, under the provision of the Real Property Law cited, upon failure of the mortgagor to procure insurance, the mortgagee may declare the whole amount of the mortgage due and proceed to foreclose. It will hardly be claimed that the insurance company may wait until after the mortgage had been foreclosed, and then make demand and collect this premium. By parity of reasoning the insurance company should not be allowed to wait beyond a reasonable time before making the demand of the mortgagee, which is made a condition of the mortgagee's liability to pay. If made promptly, the mortgagee might either declare the mortgage due and foreclose, or force the mortgagor to pay the premiums. In the case at bar 9 of the insurance policies for which the premiums are sought to be collected, were taken out in 1907, and 11 others were taken out between February 13, 1908, and July 13, 1910; the policies taken out in 1907 having expired in 1910.

The first request to the mortgagee to pay was made in January, 1911, which was the first notification to the mortgagee that these premiums had not been paid by the mortgagor. Because, therefore, the demand was not made within a reasonable time in the due course of business, the mortgagee has, in my judgment, been relieved of the obligation to pay these premiums.