ST. LAWRENCE COUNTY FARMERS INSURANCE COMPANY, Appellant,
v. ETHEL THOMPSON, Respondent.

County Court, St. Lawrence County, February 13, 1934.

*Alford C. Wells,* for the appellant.

*Louis O. Welt,* for the respondent.

DOLAN, J. The action was commenced by the service of a summons on October 2, 1933, and was tried on October 27, 1933, before the judge of the City Court and a jury.

The jury rendered a verdict of no cause of action, and judgment thereupon was entered in favor of the defendant for costs in the sum of twenty-one dollars and seventy-nine cents.

The action was predicated upon an alleged contract between the plaintiff, as a co-operative fire insurance company, and the defendant, as a mortgagee named in an insurance policy issued by the plaintiff to one George W. Layaw, owner and mortgagor of the premises, upon which the buildings described in said policy were located.

On the 25th day of July, 1929, the plaintiff issued a fire insurance policy to the said George H. Layaw in the amount of $4,675. Said policy contained the New York standard mortgagee clause as provided by the Insurance Law of the State of New York. The defendant was named as mortgagee in said policy. She had knowledge that said policy was issued to the said George H. Layaw and that she was named as mortgagee therein and she gave instructions as to the safekeeping of said policy.

Assessment for the year 1930 payable in the year 1931 amounted to thirty-two dollars and fifty-nine cents. The assessment made in 1932 for the year 1931 was in the sum of fourteen dollars and forty-one cents. Neither of these assessments was paid by the said

George H. Layaw or by the defendant. Plaintiff demanded payment of these assessments from the insured and he either refused or neglected to pay the same. The total amount of assessments with interest unpaid at the time of the commencement of this action was forty-eight dollars and ninety-five cents. The plaintiff also demanded a penalty of fifty per cent of the amount of the assessment by virtue of the provisions of the policy that it was entitled to a fifty per cent penalty in the event that it was necessary that an action had to be brought in order to collect the assessment, making the total amount seventy-two dollars and forty-five cents demanded by the plaintiff in its complaint. The plaintiff offered proof of issuance of the policy to the insured George G. Layaw; that there was attached to the policy the usual standard mortgagee clause; that the defendant was named as the mortgagee in said policy; that the assessment had not been paid and that notices of the assessments had been mailed to the defendant at least in the year 1932. The policy contained the following clause: " This company is a co-operative fire insurance corporation, having by-laws and special regulations lawfully applicable to its organization, membership, policies or contracts of insurance, and such by-laws and regulations shall apply to and form a part of this policy, as the same may be printed upon the back hereof." Section 19 of the by-laws of the plaintiff reads as follows: "An action may be brought by this company against any person insured therein to recover all assessments which he may neglect or refuse to pay, and if such action is brought there may be recovered from him both the amount so assessed with lawful interest thereon, and as a penalty for such neglect or refusal, fifty per cent (50 per cent) of such assessment in addition thereto." There was attached to the policy the mortgagee clause and there was incorporated in said mortgagee clause the following provision: " That in case the mortgagor or owner shall neglect to pay any fee or assessment due under this policy, the mortgagee (or trustee) shall on demand pay the same."

The question under consideration in this case was passed upon in the case of *Coykendall* v. *Blackmer* (161 App. Div. 11). In that case it was held that the standard mortgagee clause attached to the policy of fire insurance providing in substance that the mortgagor shall keep the buildings insured against loss by fire for the benefit of the mortgagee, and that in case the mortgagor shall neglect to pay the premium, that the mortgagee shall, on demand, pay the same, is not a covenant on the part of the mortgagee but is merely a condition which if not complied with by the mortgagee precludes him from recovering from the insurer under the mortgagee clause.

Notwithstanding said decision, the appellant contends with much force and logic that it is entitled to recover for the following reasons:

*First.* That the reasoning in the above case is fallacious since the mortgagee clause creates an absolute covenant or promise on the part of the mortgagee to pay the premiums or assessments.

*Second.* That pursuant to the provisions of subdivision 4 of section 254 of the Real Property Law, if the mortgagor fails to keep the buildings insured, the mortgagee may do so and charge the amount of the premiums paid as a part of the debt secured by the mortgage.

*Third.* That the courts have repeatedly held that the standard mortgagee clause in a policy of insurance creates an independent contract of insurance for the separate benefit of the mortgagee which is valid and enforcible in its inception and so continues until rendered invalid by some act or neglect of the mortgagee, and that the interest of the mortgagee shall not be invalidated by any act of the mortgagor or owner. (*Hastings* v. *Westchester Fire Ins. Co.*, 73 N. Y. 141; *Goldstein* v. *National Liberty Ins. Co. of America*, 256 id. 26.)

I feel there is very much weight in the arguments of the appellant, but since practically all of these reasons were advanced in the case of *Coykendall* v. *Blackmer* (*supra*), I am constrained to follow that decision.

Therefore, an order may be submitted affirming said judgment, with costs.