**In re MADIX ASPHALT ROOFING CORPORATION.**

**In re Claim of FIRST–CITIZENS BANK & TRUST CO.**

No. 564.

United States District Court
E. D. North Carolina, New Bern Division.

July 9, 1949.

Willis Smith and Willis Smith, Jr., of Raleigh, N. C., for William H. Potter, trustee.

D. L. Ward, of New Bern, N. C., for claimant, First-Citizens Bank & Trust Co.

J. F. Duncan, of Beaufort, N. C., for Chalk & Gibbs.

GILLIAM, District Judge.

If this were an action by Chalk & Gibbs against the Bank to collect the premiums which they have paid it could not be sustained under the North Carolina law. It was expressly so held in Whitehead v. Wilson Knitting Mills, 194 N.C. 281, 139 S.E. 456, 457, 56 A.L.R. 674. The facts in that case are the same as the facts here, except in the Whitehead case the mortgagee refused to pay the premiums and the insurance agency which had paid them brought suit for collection, while under the facts here the Bank, mortgagee, has in effect agreed to pay Chalk & Gibbs if this Court finds that if it does it will be reimbursed by allowance of its claim of legal right to add the amount to the debt secured by the deed of trust which constitutes a first lien on the property.

Under this authority, which appears to be in accord with the great weight of authority, when the insurance agents, Chalk & Gibbs, on March 1, 1949, demanded that the Bank pay the account for premiums the Bank was under no legal obligation to make payment. I quote from the opinion of Chief Justice Stacey in the Whitehead case:

"Speaking to the question presented in that case [Coykendall v. Blackmer, 161 App.Div. 11, 146 N.Y.S. 631] which is similar to the one raised in the case at bar, the Court said: 'The only question, therefore, before us is whether the plaintiff as a matter of law is entitled to a recovery; that is, whether the clause, "provided that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same," should be construed as a covenant upon the part of the mortgagee to pay the premium in the event of the neglect of the mortgagor to pay the same, or should be construed merely as a condition which, if not complied with by the mortgagee would foreclose him of the right to a recovery given him in the preceding portion of the mortgagee clause. * * * We are of the opinion that the word "provided" was used in the sense of "if" or "on condition," and hence that the clause referred to should be construed as a condition and not as a covenant.' * * *

"In Home Insurance Co. v. Union Trust Co., 40 R.I. 367, 100 A. 1010, L.R.A.1917F, 375, the Supreme Court of Rhode Island, after construing the two provisos, contained in the standard mortgage clause, as conditions subsequent, had the following to say in regard to the question now before us: 'Under this construction of the two provisos, the effect of the mortgagee clause as a whole would be as follows: It would, as stated in the case of Smith v. Union Insurance Co., 25 R.I. 260, 55 A. 715, 105 Am.St.Rep. 882, constitute a separate contract between the insurance company and the mortgagee, entered into at the same time as the contract between the insurance company and the mortgagor and based upon the same consideration. While it would come into existence as soon as the policy was delivered, it would not become active until some default, by nonpayment of the premium or otherwise, had been made by the mortgagor. Then it would come into full force and effect and would

give the mortgagee an independent right against the insurance company, which would, however, be subject to certain conditions subsequent. One of these would be that if any part of the premium remained unpaid, the mortgagee would have to pay it upon demand or it would lose its rights under its independent contract, without being under any obligation to pay the unpaid premium if it preferred to let the policy lapse. * * *'

"We concur in the opinion of the majority of the courts that the clause in question is a condition and not a contract or covenant. To hold otherwise would be to render the mortgagee liable for such premiums even after its interest in the mortgage premises had expired, either by foreclosure or payment of the mortgage."

■ A different question, perhaps, would be presented if we were dealing with the assertion of this claim against Madix, a solvent and going concern. In that case the contention that the account paid by Chalk & Gibbs may be added to the secured claim of the Bank might raise no real practical question as admittedly Madix owes the bill for premiums and would have to pay in any event, if solvent; but here we are engaged in an undertaking to work out the equities and priorities of the various creditors of an insolvent corporation and the real question is, assuming for the argument that the Bank upon demand for payment being made had the option either to pay the account for premiums or permit cancellation of the policy, the Court will now approve the exercise of this option in a manner which, in effect, would mean a conversion of the claim of Chalk & Gibbs from an unsecured to a secured claim, thereby resulting in the payment of the claim by junior secured creditors or, maybe, by the other unsecured creditors, assuming that there will be funds for payment on the unsecured claims. This question, I think, must be answered in the negative and particularly when to answer otherwise would result in the allowance of a preference to a director who was fully advised of the corporation's insolvency.

■ Besides, it should be noted that the contract between Madix and the Bank, as contained in the deed of trust, was "In case the premiums for said insurance shall be at any time paid by the trustee * * * the amounts so expended shall become debts due * * * and their payment shall be secured by this deed of trust". As a matter of reality, such premiums have not been paid by the trustee or the Bank, for the effect of the Bank's action is an agreement to pay if it is decided by the Court that the Bank has a legal right to do so. This does not constitute payment.

■ It should also be noted that under the contract between the insurance companies and the Bank, as set forth in the mortgage clauses attached to the policies, the obligation of the Bank is to pay the premiums on demand "in case the mortgagor or owner shall neglect to pay". It seems rather clear that the mortgagor did not "neglect to pay" the premium because the premiums have been paid by Chalk & Gibbs and so far as the insurance companies are concerned this is equivalent to payment by the mortgagor. True, Madix has not paid Chalk & Gibbs the account for premiums, but neither of the contracts was made for the benefit of Chalk & Gibbs. The Bank obtained the protection desired and the insurance companies received payment of the premiums due; and while it is unfortunate for Chalk & Gibbs to lose the amount paid out by them their position is no more unfortunate than that of other creditors who took a chance and lost.

I will sign an order disallowing the claim of the Bank to the extent that it represents the amount added to the principal of the debt secured by the first deed of trust on account of the fire insurance premiums paid by Chalk & Gibbs.