St. Paul Fire & Marine Insurance Company, Plaintiff and Respondent, *v.* Hiram D. Upton, Defendant and Appellant.

### Insurance—Payment of Premiums by Mortgagee.

Mortgage clause in insurance policy construed, and *held* to embody the promise of the mortgagee to pay insurance premium in case of the failure of the mortgagor to pay it.

(Opinion Filed Nov. 12, 1891.) ·

*A*PPEAL from district court, Grand Forks county; Hon. Charles F. Templeton, Ju dge.

*William A. Scott,* for appellant. *Bangs & Fisk,* for respondent.

Action by the St. Paul Fire & Marine Insurance Company against Hiram D. Upton for insurance premiums. Judgment for plaintiff. Defendant appeals. Affirmed.

William A. Scott, for appellant:

There is no privity of contract between the plaintiff and defendant alleged in the complaint, and no such privity exists.

Mahoney v. McLean, 26 Minn. 415; Davis v. Insurance Co., 135 Mass. 251; Bank v. Insurance Co., 29 Conn. 374. This action being brought on a written contract to recover for a breach of the agreement cannot go beyond the agreement nor bind a party who has not bound himself by signing and executing the agreement. Sencobox v. McGrade, 6 Minn. 334; Ferley v. Stewart, 7 Sanford 101; Davis v. Shields, 26 Wandell 341.

Bangs & Fisk, for respondent:

The acceptance of an agreement need not be in writing, but may be acted wholly or in part. 3 Amer. & Eng. Ency. of Law 858. In general a mere oral assent to what has been written out for a contract will, at common law, suffice. Bishop on contracts, § 342; Farmer v. Gregory, 78 Ky. 475; Baron v. Daniels, 37 Ohio St. 279; Dutch v. Mead, 36 N. Y. Sup. 427.

The opinion of the court was delivered by

CORLISS, C. J. This appeal presents the sufficiency of the complaint, the court sustaining it on demurrer. There are three causes of action, but, so far as the question to be considered is concerned, they do not differ. Each cause of action is an alleged indebtedness for an insurance premium. The policy was in favor of the owner of the property insured. The defendant is sought to be charged with a liability for the premium due thereon by virtue of a mortgage clause attached to and made a part of the policy. The construction of this clause determines the question of the liability of the defendant, the mortgagee, to whom the policy, with this clause forming a part of it, was delivered, and by whom it was accepted. That clause provides as follows: " Loss, if any, payable to Hiram D. Upton, mortgagee, or his assigns, as hereinafter provided; it being understood and agreed that this insurance, as to the interest of the mortgagee only therein, shall neither be invalidated by any act or neglect of the mortgagor or owner of the property ininsured, nor by the vacancy of the premises, nor by the occupation of the premises for purposes more hazardous than are permitted by the terms of this policy, provided that, in case the mortgagor or owner neglects or refuses to pay any premium

due under this policy, then, on demand, the mortgagee shall pay the same; provided, also, that the mortgagee shall notify this company of any change of ownership or increase of hazard which shall come to his knowledge, and shall have permission for such change of ownership or increase of hazard duly indorsed on this policy; and provided, further, that every increase of hazard not permitted by the policy to the mortgagor or owner shall be paid for by the mortgagee on reasonable demand, and after demand made by the company upon and refusal by the mortgagor or owner to pay according to the established schedule of rates."

Does the clause contain an express promise on the part of the defendant, the mortgagee, to pay the premium in case of the default of the mortgagor? It is insisted that it merely prescribes a condition, on the performance of which the mortgagee may entitle himself to the benefits of this clause. But why should this agreement be so construed as to give the mortgagee the option to avail himself of its provisions while the insurance company are to have no choice? If this was the intention of the parties, why did not the provision read as follows: "Provided, that the mortgagee, in case of the default of the mortgagor, shall have paid the premium at the time he claims the benefit of this clause." This would have left in him an option. But the clause, as it does read, is an absolute engagement to pay the money on the default of the mortgagor— "then, on demand, the mortgagee shall pay the same." The clause provides that no neglect or act of the mortgagor, nor shall the vacancy of the premises, invalidate the policy. If defendant's contention is sound, this provision would be nugatory, if the mortgagor should pay the premium on time, for it is only in case of the mortgagor's default that the mortgagee can perform this condition of payment, and defendant insists that it is only on performance of such condition by him that he can have any rights under the mortgage clause. This construction would destroy its effect in many cases. It would often deprive the mortgagee of any benefit from the provision that he should not be prejudiced by any act or neglect of the mortgagor, nor by reason of the vacancy, etc., of the premises. The

maxim, *ut res magis valeat quam pereat,* is a safe guide. The mortgage clause gave the mortgagee immunity from certain forfeitures resulting under the policy from the mortgagor's acts or omissions, and the mortgagee in terms agreed to pay for this immunity the premium in case of the mortgagor's default. This is the clear import of the agreement. The court below sustained the complaint, and its judgment is therefore affirmed. All concur.