Wilson, P. J.
Defendant Colby sold certain improved property owned by him in the city of Denver to one J, W. Jones, and took a *272 deed of trust thereon to secure the purchase money. The improvements were insured in certain fire insurance companies, represented by the plaintiff firm as agents, the insurance being evidenced by two policies of $3,000 each. Mr. Colby caused one of the policies to be assigned to Mr. Jones, and the other to be canceled, and rewritten to Jones for $2,800. To each was attached at the request of defendant, the mortgage clause, so as to protect him in his deed of trust, in case of loss. Very shortly before the expiration of the insurance, the plaintiffs renewed the insurance, issuing two policies in the same amount and same form as the previous ones, and mailed them to the defendant, Mr. Colby. Both the defendant and Mr. Jones were at several times requested by plaintiffs to pay the premiums on these renewal policies, but failing to do so, this suit was instituted to recover the amount of the premiums.
The correctness of the general principles of law laid down in the brief of counsel for defendant cannot be disputed, but we do not think they are applicable to the case as presented by the facts. There was some evidence tending to show that a representative of plaintiffs called at Mr. Jones’s residence previous to the issuance of the renewal policies, to see if he desired them issued, but finding him absent, he stated his business to the wife of Mr. Jones, and was by her informed that Mr. Jones desired the insurance continued. There was no evidence, however, to show the authority of Mrs. Jones to act for her husband, nor any ratification by him of her assumed agency, and therefore it must be held that even if the evidence offered were competent, it did not show that Mr. Jones authorized or requested the issuance of the renewal policies. It sufficiently appears, however, that Mr. Colby received the renewal policies, and delivered them to a member of Mr. Jones’s family, and that to each of these policies was attached the mortgage clause, designed, as in the case of the original policies, to protect Mr. Colby in his deed of trust, which was still in force and unsatisfied, a part of which reads as follows:
*273 “ That the insurance as to the interest of the mortgagee or trustee shall not be invalid by any act or neglect of the mortgagor or owner of the property insured. In case the mortgagor or owner neglects or refuses to pay any premium due under this policy, then on demand the mortgagee or trustee shall pay the same. ”
Mr. E. Tyler Smith, an employé of plaintiffs, testified toa conversation which he had with Mr. Colby in the office of the plaintiff, in which he said: “ I told him that unless that insurance was paid for inside of two or three weeks at least, that we should be obliged to cancel this insurance, and he said that he did not wish the insurance canceled. I told him that we would have to get our money back; that we had paid our money for them. He said that he wanted the protection that these policies gave him, and that he would write to Mr. Jones about it, and that he would certainly pay us for that insurance, — he would protect us on it. He said not to cancel it, to wait until he could write to Mr. Jones about it. I told him of the mortgage clause as we have it on the policies, that he would be responsible for the premium, in ease the assured failed to pay. His answer was not to cancel the insurance, that he would pay it, providing Mr. Jones did not.”
This statement of the conversation was substantially corroborated by Mr. Benedict of the plaintiff firm, who was present at the time. In pursuance of these promises, the policies were not canceled. We think that the contract or agreement of Mr. Colby, in consideration of all these facts, to pay the premiums in the event that Mr. Jones, the mortgagor, could not be induced to pay them, was an original contract and promise on his part, under all rules of law applicable to such cases. There was a consideration moving directly to him. As mortgagee, he had an insurable interest in the property, and was entitled to effect a binding contract of insurance upon it, even without the application of the mortgagor. If the policies had been canceled, and a loss should have occurred, he would not have received the protection on his mortgage, or deed of trust, which the insurance had been intended to secure. Again, the *274 plaintiffs might have canceled the policies, and thereby have protected themselves in part, at least, and a failure to do. so on the promise of the defendant to see that the premium was paid, was a valuable consideration to the defendant. The agreement on the part of the plaintiffs not to cancel the policies, and the promise by the defendant in consideration thereof, to see that the premiums were paid, constituted a valid legal contract, binding upon both parties.
■ The testimony was conflicting, Mr. Colby disputing that of plaintiffs’ witnesses with reference to his promises to pay. It must be presumed that the court found all such facts as were necessary to sustain the judgment. These findings of fact must have been in favor of the plaintiffs, and not being manifestly against the weight of the evidence so far as appears from the written record, this court must accept them.
The judgment will be affirmed.

Affirmed.