[Civ. No. 5355. First Appellate District, Division One.—April 14, 1926.]

## SYDNEY L. SCHMITT, Respondent, v. WALTER A. GRIPTON, Appellant.

[1] Fire Insurance—Standard Form of Mortgage Clause—Conditions—Construction of Policy.—The language of a standard form of mortgage clause attached to a fire insurance policy providing that any loss within the terms of the policy shall be payable to the mortgagee and that in case the mortgagor or owner shall neglect to pay any premium due under the policy, the mortgagee (or trustee) shall, on demand, pay the same, is to be construed most strongly against the insurers.

[2] Id. — Failure of Mortgagee to Pay Premiums — Payment by Mortgagor — Terms of Policy — Evidence — Findings.—A paragraph in a standard form of mortgage clause attached to fire insurance policies designated as "Condition One" and providing that in case the mortgagor or owner shall neglect to pay any premium due under said policies, the mortgagee (or trustee) shall, on demand, pay the same, clearly expresses the intention that the clause should be construed as a condition and not a covenant, and in an action by the insurer's assignee to recover earned premiums upon said policies from the mortgagee of the insured property, the evidence was insufficient to support the finding of the trial court that the mortgagee, after the issuance of the policies and the attachment thereto of the mortgage clauses, expressly or impliedly promised to pay the premiums.

(1) 26 C. J., p. 72, n. 19, p. 74, n. 25.   (2) 26 C. J., p. 113, n. 87, 88.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Reversed.

1. See 14 Cal. Jur. 443; 14 R. C. L. 926.

The facts are stated in the opinion of the court.

F. Walton Brown and Leet W. Bissell for Appellant.

Edward J. Jose for Respondent.

CASHIN, J.—An action to recover the earned premiums upon certain policies of fire insurance from the mortgagee of the insured property.

The court found, in accordance with the allegations of the complaint, that three policies of insurance were executed and delivered by respondent's assignors, to California Lumber Products Company, a corporation, insuring property owned by the latter in Mendocino County against loss by fire; that at the special instance and request of appellant there was attached to each a clause providing that any loss within the terms of the policy should be payable to the mortgagee, and that it was further provided therein that should the corporation neglect to pay any premium on such policy the mortgagee would on demand pay the same; that the insured failed to pay; that demand was made therefor upon the mortgagee and, upon his refusal, the policies were canceled.

Upon the findings judgment for the aggregate amount of the earned premiums was entered against the mortgagee, and the appeal was taken by him therefrom.

The clause attached to each policy was the standard form of mortgage clause, the material portions of which are as follows:

"Standard Forms Bureau Form 371 (May 1923)

"Mortgage Clause With Full Contribution

" (Only for policies covering buildings)

"Loss or damage, if any, under this policy, on buildings only, shall be payable to Walter A. Gripton, mortgagee (or trustee), whose mail address is ——— as interest may appear. Subject to all the terms and conditions hereinafter set forth in this rider, this insurance, as to the interest of the mortgagee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by

the occupation of the premises for purposes more hazardous than are permitted by this policy.

"Condition One—In case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same. . . . "

Appellant urges as the ground for his appeal that the paragraph of the mortgage clause designated therein as "Condition One," should not be construed as a covenant on his part to pay the premiums, but as a condition which, if not complied with, would prevent recovery by him under the preceding provisions thereof.

In the few cases wherein similar clauses have been considered the word "provided" was used where in the instant case the word "Condition" appears, the decisions following the determination from the use of the word in connection with the provision that "in case the mortgagor or owner shall neglect to pay any premium due under this policy the mortgagee (or trustee) shall on demand pay the same" whether a condition or a covenant should be implied.

In *St. Paul Fire etc. Ins. Co.* v. *Upton*, 2 N. D. 229 [50 N. W. 702], the clause mentioned was construed as an absolute agreement to pay the premiums; while in the later cases of *Home Ins. Co.* v. *Union Trust Co.*, 40 R. I. 367 [L. R. A. 1917F, 375, 100 Atl. 1010], and *Coykendall* v. *Blackmer*, 161 App. Div. 11 [146 N. Y. Supp. 631], the same clause being under consideration, it was held that a condition and not a covenant was thereby created; and such was the view of the author of the opinion in *Johnson, Sansom & Co.* v. *Fort Worth State Bank* (Tex. Civ. App.) 244 S. W. 657, the question, however, not being decided in the latter case.

In *Boston Safe Dep. & Trust Co.* v. *Thomas*, 59 Kan. 570 [53 Pac. 472], the case principally relied upon by respondent, and which was distinguished upon its facts in the two cases last cited, the facts were that the agent of the mortgagee negotiated for the insurance and the mortgage clauses were attached at his request, these circumstances being considered by the court in construing the clause in question.

In *Home Ins. Co.* v. *Union Trust Co., supra,* the court said: "There is nothing in the context of this instrument which requires a construction of this clause as a covenant.

The parties have used the technical word 'provided,' to which the courts in insurance cases have applied a certain well-known construction. The mortgage clause in question is in the standard form, and presumably was carefully worded by experienced lawyers who were familiar with the customary legal construction of the word. Had the intention been that the word 'provided' as used in this clause should not be given its primary legal meaning and effect, but that the clause should be construed as a covenant rather than as a condition, any possible ambiguity could easily have been removed by the addition of a few words such as 'and it is agreed' or any similar phrase.''

[1] The language of the clause is to be construed most strongly against the insurers (26 Cor. Jur., Fire Insurance, 72; *Welch* v. *British American Assur. Co.,* 148 Cal. 223 [113 Am. St. Rep. 223, 7 Ann. Cas. 396, 82 Pac. 964]; *Pacific Heating etc. Co.* v. *Williamsburg etc. Ins. Co.,* 158 Cal. 367 [111 Pac. 4]; *Greer-Robbins Co.* v. *Insurance Co. of the State of Pennsylvania,* 47 Cal. App. 63 [190 Pac. 187]); and if the word ''provided'' as used in the policies considered in *St. Paul Fire Ins. Co.* v. *Upton & Boston Safe Dep. & Trust Co.* v. *Thomas, supra,* might in the connection stated be held to be equivocal, and that a condition was not thereby expressed with certainty, the use of the word ''condition'' in the same connection fairly removed the ambiguity and clearly expressed the intention that the clause should be construed in the sense which the word implies, namely, as a condition, and not a covenant. [2] While the court found that the mortgage clauses in the instant case were attached at the request of appellant, the evidence shows that, according to his agreement with the mortgagor, the latter was to procure insurance upon the mortgaged property, the loss to be payable to the former as further security; that the policies were procured through the agency of a broker, who, at the invitation of appellant's attorney, met at the latter's office in San Francisco the manager of the corporation mortgagor, at which conference the attorney was present. The broker was then advised as to the amount of insurance and the form of the policies required. Thereafter the persons mentioned, with an agent for one of the insurers, visited the property, following which the policies were issued to the broker and delivered to the attorney.

Through an oversight on the part of the broker the mortgage clauses were not then attached, but were by him, at the request of the attorney, procured, these with the policies being subsequently delivered to the appellant in accordance with the original agreement with the insured. Had an ambiguity appeared in the expression of the intention of the parties in the mortgage clauses, this evidence, which supports the finding mentioned, would have been relevant for the purpose of ascertaining such intention; but where, as here, the intention is expressed with certainty, the circumstances shown and the finding were immaterial. (*Salter* v. *Ives,* 171 Cal. 790, 792 [155 Pac. 84].)

In *Colby* v. *Thompson,* 16 Colo. App. 271 [64 Pac. 1053], cited and relied upon by respondent, a mortgagee, in consideration of the renewal of certain policies insuring the mortgaged property, agreed unconditionally to pay the premiums. In the instant case such facts do not appear. There were procured by the broker, as testified by him, two extensions of the time for the payment of the premiums, the first upon his representation that payment would be made (for which no authority from appellant was shown), and the second following the request that appellant make such payment. The latter request followed the voluntary bankruptcy of the insured, at which time appellant had taken possession of the mortgaged property under the terms of his mortgage, the appellant in reply thereto stating that the property might be taken over by others in which event, as testified by the broker, "he would try to turn the policies to whatever interests might take over the plant." No other or further promise was shown, and it is not contended that the extensions were otherwise induced or that appellant failed in any respect to perform.

It being our conclusion that the clause mentioned should be construed as a condition, and that the evidence was insufficient to support a finding that the mortgagee, after the issuance of the policies and the attachment thereto of the mortgage clauses, expressly or impliedly promised to pay the premiums, the judgment is reversed.

Tyler, P. J., and Knight, J., concurred.