JOHN N. ACUFF COMPANY *v.* BANKERS TRUST COMPANY,
*et al.**

(*Knoxville.* September Term, 1927.)

Opinion filed April 14, 1928.

1. INSURANCE.   MORTGAGE   CLAUSE.   CONSTRUCTION.
CONDITION.  NOT COVENANT.  MORTGAGEE.

While a few authorities hold that the provisions found in standard
policies, viz., "This policy, as to the interest therein of the said
payee, as mortgagee (or trustee) only, shall not be invalidated
by any act or neglect of the mortgagor or owner of the within
described property nor by the commencement or foreclosure pro-
ceedings, nor the giving of notice of sale relating to the prop-
erty, nor by any change in the interest, title, or possession of
the property, nor by any increase of hazard; **provided** that in
case the mortgagor or owner shall neglect to pay any premium
due under this policy, the mortgagee (or trustee) shall, on de-
mand, pay the same; and **provided further** that the mortgagee
(or trustee) shall notify this Company of the commencement of
foreclosure proceedings, and of any notice of sale relating to
the property, and of any change of ownership or occupancy or
increase of hazard which shall come to the knowledge of said
mortgagee (or trustee);" is a covenant, and the great weight of
authority construes it to be a condition which, if not complied
with by the mortgagee, would foreclose him of the right to a re-
covery given him by the clause.   (Post, p. 101.)

Citing: Farnsworth v. Riverton Wyoming Ref. Co. (Wyo.), 249
Pac., 535, 47 A. L. R., 1114.

2. INSURANCE.  PREMIUMS.  LIABILITY OF MORTGAGEE.

When a mortgagee contracts for insurance on mortgaged premises,
he is liable for the payment of the premiums.   (Post, p. 102.)

ON PETITION TO REHEAR.

Opinion filed May 28, 1928.

3. INSURANCE. MORTGAGOR. MORTGAGEE. LIABILITY FOR PREMIUM.

Mere knowledge by the mortgagee that the mortgaged property has been insured, as provided in the mortgage, would not make the mortgagee liable for the premium on the policies of insurance unless it had either expressly or impliedly agreed to pay them. (Post, p. 102.)

Citing: Muddle v. Van Slyke, 118 N. Y. Supp., 474.

4. APPEALS. ASSIGNMENT OF ERROR FOR GENERAL.

An assignment of error that "The Court of Appeals erred in affirming the judgment of the Circuit Court and dismissing plaintiff's suit and taxing it with the cost," is too general, does not conform to the rules of the Court, and for that reason will not be dealt with. (Post, p. 103.)

*Headnotes 1. Fire Insurance, 26 C. J., section 144; 2. ————; 3. ————; 4. Appeal and Error, 3 C. J., section 1543.

FROM KNOX.

Appeal from the Circuit Court of Knox County.— HON. A. C. GRIMM, Judge.

BOWEN & BOWEN, for plaintiff in error.

ANDERSON & WERD, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is a suit by the local agent of the insurer to recover from the mortgagee premiums on fire policies covering the mortgaged property, which it advanced to its principal.

The mortgage provided that the mortgagor should keep the property insured, but if he failed to do so the mortgagee was authorized to have it insured, the premiums, with interest, to become charges on the property.

The mortgagor insured the property, without the knowledge of the mortgagee, but refused to pay the premiums, whereupon this suit was instituted.

The trial court and the Court of Appeals held that the agent of the insurer could not recover.

*(1)* The clause in the policy to be construed is that usually found in standard policies, and is in this lan-- guage:

"This policy, as to the interest therein of the said payee, as mortgagee (or trustee) only, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property nor by the commencement of foreclosure proceedings, nor the giving of notice of sale relating to the property, nor by any change in the interest, title, or possession of the property, nor by any increase of hazard; *provided* that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same; and *provided* further that the mortgagee (or trustee) shall notify this Company of the commencement of foreclosure proceedings, and of any notice of sale relating to the property, and of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee)."

A few authorities held that the provision, with respect to the payment of the premium by the mortgagee in the event same is not paid by the mortgagor, is a covenant, while the great weight of authority construes the provi-

sion to be a condition, which, if not complied with by the mortgagee, would foreclose him of the right to a recovery given him in the preceding portion of the mortgage clause.

In *Farnsworth* v. *Riverton Wyoming Ref. Co.* (Wyo.), 249 Pac., 535, 47 A. L. R., 1114, the facts were the same as those presented in the instant case. Chief Justice POTTER prepared a most elaborate opinion upon this question, and, in the language of the annotator of A. L. R., appearing on page 1126, "a more exact, exhaustive, and thoroughly analytical discussion of the authorities can scarcely be imagined." The Wyoming court concluded that the provision is a condition and not a covenant, and in this conclusion we concur, for the reasons stated in said opinion.

The annotator of A. L. R. refers to several other cases adopting the principle of that decision.

(2) Where the mortgagee contracted for the insurance he would, of course, be liable.

Writ denied.

### ON PETITION TO REHEAR.

In this case we have been presented with a petition to rehear, in which our attention is called to a misstatement of fact in the original opinion, to-wit, that "the mortgagor insured the property, without the knowledge of the mortgagee."

(3) This statement was inadvertently made, as the record clearly shows the contrary. But mere knowledge by the mortgagee that the property had been insured, as provided in the mortgage, would not make the mortgagee liable for the premiums on the policies of insur-

ance unless it had either expressly or impliedly agreed to pay them. *Muddle* v. *Van Slyke,* 118 N. Y. Supp., 474.

The only question which was considered by the Court of Appeals, and which we dealt with in the original opinion, was whether the standard clause in the insurance policies here involved was a condition or a covenant.

In the brief filed by defendants in the Court of Appeals it was said:

"The only question in the case for determination in this court, or in the court below, was purely a question of law, based upon the construction of the standard mortgage clause attached to the policies."

With reference to said clause counsel for defendants, in their petition for *certiorari* filed herein, say:

"The question before the court under the finding of the Court of Appeals is whether or not this provision constitutes a covenant to pay the premiums, or whether or not it constitutes a simple condition."

The assignments of error in this court are as follows:

1. "The Court of Appeals erred in holding that the Insurance Company was not a party to the deed of trust."

It clearly was not, and we are unable to see how it would affect the result even if it were.

2. "The Court of Appeals erred in construing the mortgage clause to be a condition instead of a covenant."

We disposed of this assignment in the original opinion.

*(4)* 3. "The Court of Appeals erred in affirming the judgment of the circuit court and in dismissing plaintiff's suit and taxing it with the costs of the cause."

This assignment is too general and does not conform to the rules of this court, and, for the reasons herein-

before stated, neither this assignment nor assignment No. 1 was dealt with in the original opinion.

A careful consideration of the record convinces us that the question of liability of the mortgagee upon the idea of an express or implied promise to pay these premiums was not made and relied upon in the other courts, and that in taking the testimony no such question was in the minds of counsel.

The construction given to the clause in question by the court in the original opinion is not questioned, and that being the only question before the court, it results that the petition to rehear will be denied.