*426
 
 Robinson, J.
 

 The sole question considered by this court is whether the standard mortgage clause is to be construed as a covenant or whether it is to be construed as a condition. If the language of the clause is plain and unambiguous it must be given its plain and unambiguous meaning, and no occasion or justification for its construction by the court arises. If it is ambiguous and reasonably susceptible of two or more constructions, then it becomes the duty of the court to construe it most strongly against the party preparing the contract and selecting the language, and most favorably toward the party sought to be charged because of it.
 
 Mumaw
 
 v.
 
 Western & Southern Life Ins. Co., 97
 
 Ohio St., 1, 119 N. E., 132;
 
 Great American Mutual Indemnity Co.
 
 v.
 
 Jones,
 
 111 Ohio St., 84, 144 N. E., 596, 35 A. L. R., 1023. And since in the instant case the plaintiff, in whatever capacity it chooses to characterize itself, must stand in the place of the contracting insurance companies, and its right must be measured by the right that the insurance companies would be entitled to assert were they seeking to recover the premium, the plaintiff is in the position not only of having prepared the contract and selected the language used in it, but also in the position of seeking to charge the defendant with an obligation under it, and therefore, if the language is ambiguous, both favors will obtain toward the defendant.
 

 The trial court interpreted this standard mortgage clause as a covenant. The Court of Appeals interpreted it as a condition. So far as our investigation has gone the clause has not been interpreted by other courts in, Ohio. In 1891 the Supreme Court of North Dakota construed this same
 
 *427
 
 mortgage clause as a covenant.
 
 St. Paul Fire v Marine Ins. Co.
 
 v.
 
 Upton,
 
 2 N. D., 229, 50 N. W., 702. In 1894 the Supreme Court of South Dakota construed the clause as a condition.
 
 Ormsby
 
 v.
 
 Phoenix Ins. Co.,
 
 5 S. D., 72, 58 N. W., 301. In 1898 the Supreme Court of Kansas construed the clause as a covenant.
 
 Boston Safe Deposit & Trust Co.
 
 v.
 
 Thomas,
 
 59 Kan., 470, 53 P., 472. In 1919 the Court of Appeals of Missouri construed the clause as a condition.
 
 Trust Co. of St. Louis County
 
 v.
 
 Phoenix Ins. Co.,
 
 201 Mo. App., 223, 210 S. W., 98. In 1914 the Supreme Court, Appellate Division, of New York, construed the clause as a condition.
 
 Coykendall
 
 v.
 
 Blackmer,
 
 161 App. Div., 11, 146 N. Y. S., 631. In 1917 the Supreme Court of Rhode Island construed the clause as a condition.
 
 Home Ins. Co.
 
 v.
 
 Union Trust Co.,
 
 40 R. I., 367, 100 A., 1010, L. R. A., 1917F, 375. In 1922 the Court of Civil Appeals of Texas' construed the clause as a condition.
 
 Johnson, Sansom & Co.
 
 v.
 
 Fort Worth State Bank,
 
 244 S. W., 657. In 1926 the District Court of Appeal of California construed the clause as a, condition.
 
 Schmitt
 
 v.
 
 Gripton,
 
 77 Cal. App., 429, 247 P., 505. The same year the Supreme Court of Wyoming construed the clause as a condition.
 
 Farnsworth
 
 v.
 
 Riverton Wyoming Refining Co.,
 
 35 Wyo., 334, 249 P., 555, 47 A. L. R., 1114. In 1927 the Supreme Court'of North Carolina construed the clause as a condition.
 
 Whitehead
 
 v.
 
 Wilson Knitting Mills Co.,
 
 194 N. C., 281, 139 S. E., 456.
 

 Without analyzing, approving, or disapproving the logic of these several decisions or attempting to say where the weight of authority prevails, the fact that such respectable authority is in irrecon
 
 *428
 
 cilable conflict, and was so long prior to the execution of the insurance contracts here under, consideration, coupled with the fact that the lower courts in the instant case are in disagreement as to whether the clause is a covenant or a condition, presents such persuasive argument of the ambiguity of the clause that if this court were in accord as to the unambiguity of the clause it would hesitate to so declare. However, if this clause were here for consideration as an initial question, we could not find it to be otherwise than ambiguous. Having reached the conclusion that the clause is ambiguous, and reasonably as susceptible to a construction as a condition as it is to a construction as a covenant, no other course presents itself than a construction most strongly against the party that selected the language and most favorably toward the party sought to be charged by it. Such a construction requires an affirmance of the judgment of the Court of Appeals.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.