## 19900.   SECURITY INSURANCE CO. *v.* EAKIN.

DECIDED MARCH 5, 1930.

258

*Smith, Hammond, Smith & Bloodworth, W. L. Bryan*, for plaintiff.

*Randolph, Parker & Fortson*, for defendant.

BLOODWORTH, J. (After stating the foregoing facts.)

What is referred to in the petition as "what are known as New York mortgagee clauses," and contained in the policy are in part as follows: "Loss or damage, if any, under this policy shall

be payable to W. S. Eakin as first and second mortgagee as mortgagee (or trustee) as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by the policy; *that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same."* (Italics ours.) Two questions are presented for consideration: First, Is a mortgagee, who as such mortgagee as well as transferee and assignee of the interest of the original mortgagor, who has brought suit on the policy of insurance and recovered a judgment thereon and thereby accepted benefits from the said policy, required to pay the premium on said policy, which policy contains the clause just above quoted and italicised? Considering this question, attention is especially directed to the foregoing quotation which is italicised. This clause has been a number of times before the courts for construction, and in their rulings thereon the courts have not been in accord; some holding that this clause is a covenant and others that it is a condition. In this case this court is of the opinion that as Eakin, the mortgagee and assignee, knew of this clause, and as such mortgagee and assignee maintained suit on the policy and reaped a substantial benefit therefrom, he would be liable for the premium. This seems proper and fair. The headnote to the decision in St. Paul Fire & Marine Ins. Co. *v.* Upton, 2 North Dakota, 229 (50 N. W. 702), in which such a clause was construed, is as follows: "Mortgage clause in insurance policy construed, and held to embody the promise of the mortgagee to pay insurance premium in case of the failure of the mortgagor to pay it." In the body of the decision in that case, Chief Justice Corliss said: "Does the clause contain an express promise on the part of the defendant, the mortgagee, to pay the premium in case of the default of the mortgagor? It is insisted that it merely prescribes a condition, on the performance of which the mortgagee may entitle himself to the benefits of this clause. But why should this agreement be so construed as to give the

mortgagee the option to avail himself of its provisions while the insurance company are to have no choice? If this was the intention of the parties, why did not the provision read as follows: 'Provided, that the mortgagee, in case of the default of the mortgagor, shall have paid the premium at the time he claims the benefit of this clause.' This would have left in him an option. But the clause, as it does read, is an absolute engagement to pay the money on the default of the mortgagor—'then, on demand, the mortgagee shall pay the same.' The clause provides that no neglect or act of the mortgagor, nor shall the vacancy of the premises, invalidate the policy. If defendant's contention is sound, this provision would be nugatory, if the mortgagor should pay the premium on time, for it is only in case of the mortgagor's default that the mortgagee can perform this condition of payment, and defendant insists that it is only on performance of such condition by him that he can have any rights under the mortgage clause. This construction would destroy its effect in many cases. It would often deprive the mortgagee of any benefit from the provision that he should not be prejudiced by any act or neglect of the mortgagor, nor by reason of the vacancy, etc., of the premises. The maxim, ut res magis valeat quam pereat, is a safe guide. The mortgage clause gave the mortgagee immunity from certain forfeitures resulting under the policy from the mortgagor's acts or omissions, and the mortgagee in terms agreed to pay for this immunity the premium in case of the mortgagor's default. This is the clear import of the agreement." The same conclusion was reached in Safe Deposit Co. v. Thomas, 59 Kan. 470 (53 Pac. 472), where the first headnote is as follows: "Where, in a clause attached to a policy of insurance, it is provided that the loss shall be payable to the trustee named in a trust deed, given to secure a debt, and that the policy shall not be invalidated by any act or neglect of the owner of the property, and it is also 'provided that in case the grantor or owner neglects or refuses to pay any premium due under this policy, then on demand the beneficiary shall pay the same, the clause quoted is not a mere condition, but where the policy has been delivered to and accepted by the trustee acting under a trust deed which provides for the maintenance of insurance on the property described in it, amounts to a contract on the part of the beneficiary that he will

pay the premium due under the policy if the grantor or owner fails to pay the same." See, in this connection, Muddle v. Van Slyke, 63 Misc. R. 229 (118 N. Y. Sup. 473).

■ The second question is, Should the insurance company, when defending against liability under the policy sued on, have pleaded as a set-off a demand against the mortgagee for the unpaid premium? This question must be answered in the negative. We are fully convinced that W. S. Eakin, by bringing suit against the insurance company on the policy, could not force it to set up against him any matter of set-off which the company may have had against him and which is not purely defensive to the suit (*Jones* v. *Schacter*, 29 *Ga. App.* 132 (3), 114 S. E. 59), but that the insurance company could enforce such a claim by a subsequent suit brought against him, unless it appears that the subject-matter of the latter suit was within the scope of the pleadings in the former suit and the issue was determined in that suit. See *Acree* v. *Bandy*, 20 *Ga. App.* 135 (92 S. E. 765); *Worth* v. *Carmichael*, 114 *Ga.* 700 (40 S. E. 797). In the case we are now considering the issue is entirely different from and independent of the issue in the former suit, and the issue determined in the first suit is not such that it would of necessity have determined the issue raised in the second one. See *Hunter* v. *Davis*, 19 *Ga.* 413. *Judgment reversed. Broyles, C. J., and Luke, J., concur.*