First Judicial District Court of Burlington County.

COMMERCIAL UNION ASSURANCE COMPANY, LIMITED, OF LONDON, ENGLAND, PLAINTIFF, v. BURLINGTON COUNTY TRUST COMPANY, A CORPORATION, AND CINNAMINSON BANK AND TRUST COMPANY, TRUSTEE, A CORPORATION, DEFENDANTS.

Decided February 17, 1933.

For the plaintiff, *Joseph E. Haines.*

For the defendant Cinnaminson Bank and Trust Company, *Curry & Purnell.*

For the defendant Burlington County Trust Company, *William D. Lippincott.*

MATHEWS, J. The plaintiff brings this action against the defendants to recover the premium on an insurance policy for $20,000, which premium amounts to $235.60. The facts were submitted to the court by stipulation and so far as are pertinent to a determination of the legal question involved, are as follows:

The policy was issued by the plaintiff to the assured, John S. Warner Company, on premises owned by that company in Palmyra, New Jersey, and ran for a period of one year from December 29th, 1930. No loss occurred during the period covered by the policy. The policy in question had attached

to it two New Jersey standard mortgagee clauses, one in favor of the defendant Burlington County Trust Company as first mortgagee (or trustee), as its interest might appear, and the other in favor of the Cinnaminson Bank and Trust Company, trustee for second mortgage bondholders, as second mortgagee (or trustee), as its interest might appear. The important section of these clauses (which are identical except as above mentioned) is as follows:

"* * * and this insurance, as to the interest of the mortgagee (or trustee) only herein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within-described property, nor by any foreclosure or other proceedings or notice of sale relating to the property nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand pay the same.

"Provided, also, that the mortgagee (or trustee) shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void."

The policy, with the two clauses attached, was delivered to the defendant Burlington County Trust Company and remained in its possession during the term thereof. The premium sued for has never been paid to the plaintiff either by the assured or by either of the defendants and no notice of cancellation was served upon the assured or either of said defendants during the term of the policy, and the policy remained alive and effective during the entire term for which it was written. Demand for payment of the premium was made by the plaintiff upon the defendant Burlington County Trust

Company, on May 9th, 1932, and upon the defendant Cinnaminson Bank and Trust Company, as trustee, on August 16th, 1932. No previous demand has ever been made by the plaintiff upon either of the defendants for the payment of the premium, the defendants were never informed by the plaintiff of the non-payment of the premium, nor had defendants knowledge of such non-payment prior to those dates.

There are further stipulations of facts which I do not think essential to a decision of the point involved.

Defendant Cinnaminson Bank and Trust Company raises no question as to its being bound by the clause in any event under the above circumstances, but both defendants in a combined brief seem to take the position that they are bound thereby, leaving the sole question in the case the construction to be placed upon the wording of the mortgagee clause so far as the issue in this case is concerned. The policy itself is not made part of the stipulation and the court, therefore, has no knowledge of the contents thereof.

The question involved, while it appears to be one of considerable importance, seems, strangely, to be a novel one in this state. Counsel for both plaintiff and defendants have cited authorities from other states passing upon the construction of this standard form of clause, those cited by one being in direct opposition to those cited by the other.

Of the cases cited by both parties the one which comes closest in referring to the question, in this state, is that of *Hare* v. *Headley,* 54 *N. J. Eq.* 545, cited by the plaintiff, in which the court (at *p.* 558), says, apparently referring to the additional insurance given to the mortgagee under policies containing such clauses as these, or where separate contracts of insurance have been made between the insurance company and the mortgagee (it is not quite clear which) :

"For this additional insurance, the mortgagee has, in this case, given additional consideration, viz., its own personal obligation to the insurance company to pay the premiums on demand if the mortgagor did not."

The case, however, was one involving the right of subroga-

tion upon the part of the insurance company upon paying its obligation to the mortgagee under a policy for which the premium had been admittedly paid by the owner. It seems to me that the most that can be meant by this language of the court is that if the mortgagee desired the continued protection provided for in the clause it must, upon failure of the owner to pay the premium, pay that premium itself.

In the first place the contract is obviously made between the owner and the insurance company for the benefit of third parties (mortgagees) as well as the owner. That the owner is obligated to pay the premium or consideration in the first instance at least is apparent from the wording of the clause. It is obvious, however, that the terms of the contract for the benefit of the mortgagees is somewhat broader than that for the benefit of the owner, but this could of itself in no way create any liability on the part of the mortgagees or either of them to pay the premium. Such liability, if it exists, must be ascertained in this case from the construction to be put upon the clause in question, and must be clearly demonstrated.

If the proviso in the clause be given the interpretation of an absolute contract to pay the premium upon failure of the owner to do so, it is perfectly obvious that that liability would arise the very instant the premium was due and payable by the owner, the owner failed to pay and demand was made upon the mortgagees and would continue for the statutory period of six years. If demand were not made promptly it might become a question as to when demand should have been made. Hence, in the first contingency noted the plaintiff could sue defendants immediately, they would be forced to pay and their redress would apparently be only by separate action against the owner or by including the amount in foreclosure proceedings. Obviously, they would have no right to cancel the policy and take out their own insurance. What further complications might arise where the mortgagees had assigned their mortgages or foreclosed them it is not necessary to discuss, but they will immediately occur to mind as presenting difficulties resulting from such an absolute liability

to pay the premiums which leads one to the conclusion that the assumption of such a liability must be clearly expressed to be held to be intended.

A proviso always implies a condition unless subsequent words change it to a covenant. Bouvier's Law Dictionary. Likewise is that the effect to be given in ordinary usage. Webster's New International Dictionary, Meriam Edition, 1927. This latter dictionary also gives as the definitions of the word "provided," the following:

"It being provided; on condition; with the stipulation; with the understanding; if * * *," and gives the last word, "if," as a synonym of "provided."

Without going into any detailed discussion of the cases cited from the other states, it seems to me that the proper construction to be placed upon the clause in question, from the foregoing as well as considering the remainder of the contract, is that that portion of it which provides that in case the mortgagor or owner shall neglect to pay the premium the mortgagee (or trustee) shall pay the same on demand, following as it does the terms waiving certain conditions which it may reasonably be assumed would otherwise invalidate the policy, and following also the word "provided" after a semicolon, constitutes solely a proviso or condition upon the performance of which such waiver will be effective, and cannot from the wording of the entire mortgagee clause be construed to be an absolute agreement or covenant upon the part of the mortgagee or trustee to pay the premium if it does not choose to do so and continue the insurance. The clause makes provision for cancellation by the plaintiff insurance company ten days after the violation of the terms of the policy, or ten days after the giving of notice to the mortgagee so far as the mortgage is concerned. If it gives such notice the mortgagee has the choice of paying the premium, if that be a violation of the terms of the policy, and take advantage of the continuation of the provisions of the mortgagee clause during the period of the policy. If it does not choose to do so it loses the benefit of the contract under the terms of the proviso, if

the insurance company cancels the policy. If the insurance company does not choose to cancel the policy or give the notice it cannot thereby convert what is an option on the part of the mortgagee under certain circumstances into an absolute obligation.

Judgment will be entered of no cause for action against the plaintiff and in favor of both defendants.