GENERAL CREDIT CORPORATION, APPELLEE, v. IMPERIAL CASUALTY AND INDEMNITY CO., APPELLANT.

95 N. W. 2d 145

Filed February 20, 1959. No. 34489.

*Stiner & Boslaugh,* for appellant.

*Conway & Irons* and *John N. Marvel,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

Plaintiff, as a lienholder, brought this action to recover the amount allegedly due it for damages sustained to two automobiles. The action is on a policy of insurance issued by the defendant to the Service Trucking Company. There was a loss payable clause attached to the policy as follows: "Loss or damage, if any, under the policy shall be payable as interest may appear to General Credit Corp. Hastings, Nebraska and this insurance as to the interest of the Bailment Lessor, Conditional Vendor or Mortgagee or Assignee of Bailment Lessor, Conditional Vendor or Mortgagee (herein called the Lienholder) shall not be invalidated by any act or neglect of the Lessee, Mortgagor or Owner of the within described automobile nor by any change in the title or ownership of the property; provided, however, that the conversion, embezzlement or secretion by the Lessee, Mortgagor or Purchaser in possession of the property insured under a bailment lease, conditional sale, mortgage or other encumbrance is not covered under such policy, unless specifically insured against and premium paid therefor; and provided, also, that in case the Lessee,

Mortgagor or Owner shall neglect to pay any premium due under such policy the Lienholder shall, on demand, pay the same."

To the policy was also attached two separate endorsements covering two automobiles and providing that loss should be paid to the insured and the plaintiff as their interests may appear. The premium for the insurance on each automobile was separately stated as $86. The total premium on the policy was stated as $6,701.43. Plaintiff alleged collision damage to the two automobiles totalling $2,016.44, alleging that its insurable interest exceeded the amount of the damages sustained.

Defendant answered admitting the issuing of the policy and the insurance involved, and that the limit of liability for each loss is the reasonable cost of repairs less $50 or the actual value of the automobile less $50, whichever is lower.

Defendant further alleged that there is due it the sum of $1,786.86 unpaid premium; that pursuant to the clause above quoted it had made demand on the plaintiff for that amount and plaintiff had refused to pay it; and that there was due the defendant from the plaintiff the sum of $1,786.86 to which it is entitled to judgment or to have that sum deducted from any amount the plaintiff may be entitled to recover from the defendant. So stated it appears that defendant seeks to recover the unpaid premium on the principal policy, i.e., it is a claim for the payment of a premium.

The cause was tried on a stipulation of facts. It was stipulated that the reasonable cost of repairs to the two automobiles less deductible amount was $1,839.20, that being less than the actual cash value at the time of the losses; and that plaintiff's insurable interest was in excess of that amount.

It was also stipulated that the policy and endorsements were in full force and effect at the time of loss.

We construe the stipulation to mean that plaintiff, as against the defendant, was entitled to recover $1,839.20.

The facts as to defendant's claim against the plaintiff were also stipulated. There was an unpaid premium due on the policy of $1,786.86 which included $45.92 on the vehicles in which plaintiff had an insurable interest and $1,740.94 on certain vehicles in which plaintiff had no insurable interest. It was further stipulated that "after the said losses had occurred and the policy had been canceled" the defendant had demanded the sum of $1,786.86 from the plaintiff.

A jury was waived. The trial court awarded plaintiff judgment for $1,839.20 with interest and costs. It denied recovery to the defendant.

Defendant appeals.

As stated by defendant the appeal here presents primarily the question of whether the language in the loss payable clause "provided, also, that in case the Lessee, Mortgagor or Owner shall neglect to pay any premium due under such policy the Lienholder shall, on demand, pay the same" is a condition or a covenant.

We conclude that it is a condition and affirm the judgment of the trial court.

In 44 C. J. S., Insurance, § 356(d), p. 1335, the status of the decisions on the matter is stated as follows: "There is a conflict of authority on the question whether or not a mortgagee is liable for premiums on a policy containing a clause, usually referred to as a standard mortgage clause, declaring that the policy shall not be invalidated as to the mortgagee's interest by any act or neglect of the mortgagor, 'provided' in case the mortgagor shall neglect to pay any premium the mortgagee shall, on demand, pay it. Some authorities have held that such clause embodies a contract or covenant on the part of the mortgagee to pay the premium on failure of the mortgagor to pay it. Other authorities have held that such clause, or a similar one, imports a condition merely, and not a covenant, and that the mortgagee is not liable for the premium, if he does not continue the policy, * * *."

In 36 Am. Jur., Mortgages, § 329, p. 852, the rule is stated as follows: "It is clear that a mortgagee is liable for insurance premiums where he contracts for the insurance or makes an express promise to pay therefor. In the absence of such contract or promise, however, the question of the liability of a mortgagee for premiums for insurance on the mortgaged property is one as to which the authorities are in conflict. This conflict results principally from a division of opinion on the question whether a mortgage clause attached to the policy, upon which the contention that the mortgagee is liable for the premiums is based, is to be considered as constituting a condition of the mortgagee's right to recover or a covenant imposing a personal obligation. In some cases, it is held that such a clause does not merely prescribe a condition on performance of which the mortgagee might entitle himself to the benefits of the insurance, but contains an express promise by the mortgagee to pay the premium in case of default by the mortgagor, where the policy is delivered to and accepted by the mortgagee."

The question is the subject of annotations in 47 A. L. R. 1126, 56 A. L. R. 679, and 83 A. L. R. 105. The annotation in 47 A. L. R. on page 1126 follows the opinion in Farnsworth v. Riverton Wyoming Refining Co., 35 Wyo. 334, 249 P. 555. Of that decision the annotation says: "* * * the opinion in the latter case leaves little, if anything, to be said upon the subject under annotation, so far as adjudicated opinion is concerned. A more exact, exhaustive, and thoroughly analytical discussion of the authorities can scarcely be imagined." This case is repeatedly followed by later decisions in other jurisdictions in holding that the clause constitutes a condition and not a covenant. The effect of this decision is that the default of the mortgagor brought the condition of the policy into full force and effect as a separate contract between the insurance company and the mortgagee subject to a condition subsequent, to wit, the payment

of the premium on demand on penalty of losing rights prospectively if the demand were not complied with, but under no obligation to pay the premium if the mortgagee preferred to let the policy lapse. The annotation in 56 A. L. R. on page 679 follows the opinion in Whitehead v. Wilson Knitting Mills, 194 N. C. 281, 139 S. E. 456, where the clause was held to be a condition. The opinion states: "We concur in the opinion of the majority of the courts that the clause in question is a condition and not a contract or covenant. To hold otherwise would be to render the mortgagee liable for such premiums even after its interest in the mortgaged premises had expired, either by foreclosure or payment of the mortgage." The opinion also states: "According to the clear weight of authority in other jurisdictions, where the clause in question has been construed, it is held to be a condition, and not a covenant. In fact, in but two cases has a contrary conclusion been reached, and they have not been followed in the more recent decisions." The annotation in 83 A. L. R. on page 105 follows the opinion in Stoddart v. Black, 134 Kan. 838, 8 P. 2d 305, a case which held the clause to create a covenant on the part of the mortgagee to pay the premium on the condition named. We shall discuss this case later herein. The annotation states: "While the cases are in irreconcilable conflict, according to the clear weight of authority,—as shown by the earlier annotations,—such language is to be construed as a condition only, and not as a covenant."

In 2 Cooley's Briefs on Insurance (2d Ed.), Premiums and Assessments, ch. VIII, § 2(f), p. 1517, it is stated: "A question of some interest has arisen as to the liability of the mortgagee for premiums under the standard mortgage clause. This clause, making the policy payable to the mortgagee as his interest may appear, declares in substance that the policy as to the interest of the mortgagee shall not be invalidated by any act or neglect of the mortgagor, but that, in case the mortgagor or owner

shall neglect to pay any premium due, the mortgagee shall, on demand, pay the same. In some of the earlier cases construing this clause it was held that the clause was, in effect, a covenant or an absolute promise on the part of the mortgagee to pay the premium on the mortgagor's default, and not a mere condition, on the performance of which he might, at his option, entitle himself to the benefits of the clause. * * * But the later cases have rejected this doctrine, and have held that the provision for payment of premiums by the mortgagee is not an absolute promise on the mortgagee's part to pay the premiums, but merely makes such payment a condition to his recovery."

In Restatement, Contracts, § 260, p. 373, it is stated: "If in an agreement words that state that an act is to be performed purport to be the words of the person who is to do the act, the words are interpreted, unless a contrary intention has been manifested, as a promise by that person to perform the act. If the words purport to be those of a party who is not to do the act they are interpreted, unless a contrary intention has been manifested, as limiting the promise of that party by making performance of the act a condition." In the comment it is said: "b. If a contract is clearly unilateral as is the case with many if not most policies of insurance, the answer to the question to whom must the language be attributed admits of no doubt. In such a contract only one party speaks, and that is the covenantor or promisor. Any clause, therefore, in a policy of insurance, requiring any act to be done by the insured, will make that act a condition of the covenant or promise of insurance."

A discussion citing the above statement in Restatement is made by Williston in his work on contracts. 3 Williston on Contracts (Rev. Ed.), § 672, p. 1930. He states: "The matter has been well expressed by Professor Langdell: 'Moreover, the words of such a clause will have, in fact, a different meaning, according to the

party who uses them. If they are used in a contract by the party who is to do the act, they plainly import that he binds himself to do it; while, if they are used by the party for whose benefit the act is to be done, they fairly mean that he will require it to be done, i.e., that his own obligation shall be conditional upon its being done. How then shall it be ascertained to whom the language of such a clause is to be imputed? If the contract be clearly unilateral (e.g., a policy of insurance), of course the answer to this question admits of no doubt. In such a contract only one party speaks, and that is the covenantor or promisor. Any clause, therefore, in a policy of insurance, requiring any act to be done by the insured, will be a condition of the covenant or promise of insurance, though its language may more naturally import a covenant or promise by the insured.' "

It is stated in 14 Appleman, Insurance Law and Practice, § 7842, p. 39, that: "One of the most puzzling results reached by the courts arises in connection with the type of mortgage clause which has been variously termed the 'standard', 'New York', or 'union' clause. It will be recalled from the previous discussion that this clause gives great rights to the mortgagee and protects him under circumstances where the mortgagor would receive no indemnification. However, in return for that special protection, the mortgagee is to pay upon demand, if the mortgagor defaults, such premiums as may be due. This would seem to be clear in itself, to be fair, based upon a proper consideration, and to be an agreement of the mortgagee arising through his request of the loss payable clause, acceptance of the policy, or silent acquiescence. However, the vast majority of courts have reached the somewhat surprising conclusion that such agreement to pay is not a covenant on the part of the mortgagee to pay premiums which can be enforced by the insurer, but is merely a condition to his right to recover the insurance proceeds. Mortgagees are not to be blamed for striving to achieve this result, as it places

them in the enviable position of being able to harvest a crop without first sowing seed."

We state his reasons with the comment that the courts do not seem to have been of like mind.

Appleman further states: "Elsewhere it has been stated that such proviso embodies a conditional promise of the mortgagee to pay premiums." Here he cites only Baker v. Fargo Building & Loan Assn., 64 N. D. 317, 252 N. W. 42. We discuss that case later herein.

We now go to the decisions.

It is stated in the text and some of the decisions that the clause is a New York standard clause.

Coykendall v. Blackmer, 161 App. Div. 11, 146 N. Y. S. 631, was an action to recover premiums. The court referred to the clause here involved as being a "New York Standard" clause. It held the clause to be a condition and not a covenant and that if the mortgagee, on demand, failed or refused to pay the premium he was "no longer" entitled to avail himself of the provisions of the policy.

The same question again arose in St. Lawrence County Farmers' Ins. Co. v. Thompson, 150 Misc. 532, 270 N. Y. S. 898, where this clause was held to be a condition and not a covenant. The court in doing so followed the Coykendall decision. The decision was affirmed in 242 App. Div. 747, 274 N. Y. S. 1007, by the appellate division of the Supreme Court, and in 266 N. Y. 604, 195 N. E. 220, by the Court of Appeals.

In John N. Acuff Co. v. Bankers Trust Co., 157 Tenn. 99, 7 S. W. 2d 52, the court held that the clause was not a covenant but a condition. It cited only as authority Farnsworth v. Riverton Wyoming Refining Co., *supra,* and quoted from the A. L. R. annotation.

We have already referred to Whitehead v. Wilson Knitting Mills, *supra,* where the Supreme Court of North Carolina held the clause to be a condition and not a covenant.

In Commercial Union Assur. Co., Ltd. v. Burlington

County Trust Co., 11 N. J. Misc. 404, 166 A. 479, the district court of New Jersey held the clause to be a condition, a promise of the mortagee to pay the premium if it chose to do so and continue the insurance.

In Margolies v. Providence Bank (Pa.), 44 District and County Reports 88, the court following the decision in Farnsworth v. Riverton Wyoming Refining Co., *supra,* held that the mortgagee was not liable to the insurers for premiums unless the mortagee assumed the liability after notice that the premiums were in default.

In Wharen v. Markle Banking & Trust Co., 145 Pa. Super. 99, 20 A. 2d 885, the Superior Court of Pennsylvania held that the provision was not a covenant but a condition giving effect to the secondary contract between the insurer and the mortgagee. It cited 2 Cooley's Briefs on Insurance (2d Ed.), Premiums and Assessments, ch. VIII, § 2(f), p. 1517, and 26 C. J., Fire Insurance, § 115, p. 113.

In Prudential Ins. Co. v. Franklin Fire Ins. Co., 180 S. C. 250, 185 S. E. 537, the court held: "* * * the provision that 'the mortgagee shall, on demand, pay' the premium, is a condition and not a covenant. That is to say—the language so construed does not create such a contract or covenant on the part of the mortgagee as would support a cause of action in behalf of the insurer for the recovery from the mortgagee of the unpaid premium."

In Schmitt v. Gripton, 77 Cal. App. 429, 247 P. 505, the District Court of Appeal held that the provision was to be construed most strongly against the insurer and held that the clause was a condition and not a covenant that would require payment by the mortgagee in the absence of an express or implied promise.

In George H. Olmstead & Co. v. Metropolitan Life Ins. Co., 118 Ohio St. 421, 161 N. E. 276, the court was called upon to construe the clause. It cited the Kansas and North Dakota cases, holding the clause to be a covenant. It then cited many cases holding the clause to

be a condition. It then held: "Without analyzing, approving, or disapproving the logic of these several decisions or attempting to say where the weight of authority prevails, the fact that such respectible authority is in irreconcilable conflict, and was so long prior to the execution of the insurance contracts here under consideration, coupled with the fact that the lower courts in the instant case are in disagreement as to whether the clause is a covenant or a condition, presents such persuasive argument of the ambiguity of the clause that if this court were in accord as to the unambiguity of the clause it would hesitate to so declare. However, if this clause were here for consideration as an initial question, we could not find it to be otherwise than ambiguous. Having reached the conclusion that the clause is ambiguous, and reasonably as susceptible to a construction as a condition as it is to a construction as a covenant, no other course presents itself than a construction most strongly against the party that selected the language and most favorably toward the party sought to be charged by it."

We now go to the decisions of the two courts that hold such a clause to be a covenant.

St. Paul Fire & Marine Ins. Co. v. Upton, 2 N. D. 229, 50 N. W. 702, construed the clause to be a promise of the mortgagee to pay the insurance premium in case of the failure of the mortgagor to pay it. The case was decided in 1891. The writers agree it is the initial decision of the courts on this matter.

In Boston Safe Deposit & Trust Co. v. Thomas, 59 Kan. 470, 53 P. 472, the Supreme Court of Kansas construed the clause to be a covenant and not a condition, following and citing the North Dakota decision.

In 1930 the Court of Appeals of Georgia decided Security Ins. Co. v. Eakin, 41 Ga. App. 257, 152 S. E. 606. It quoted from and followed the North Dakota and Kansas cases above cited.

In 1932 the Supreme Court of Kansas again had the

question before it in Stoddart v. Black, *supra*. The court, citing its previous decision and the North Dakota decision, refused to overrule its previous holding. The court then discussed the meaning of the word "provided." It then cited and quoted from Security Ins. Co. v. Eakin, *supra*. It agreed there was diversity of opinion in the courts but saw no reason to change its previous construction of the clause. In 1934 the Supreme Court of North Dakota had the same question again before it in Baker v. Fargo Building & Loan Assn., *supra*. It was asked to overrule its decision in St. Paul Fire & Marine Ins. Co. v. Upton, *supra*. It cited and quoted at length from the Kansas case of Stoddart v. Black, *supra,* and from the Georgia case of Security Ins. Co. v. Eakin, *supra*. It adhered to its earlier decision and said that if a change was desirable that appeal should be made to the Legislature.

Then in 1933 the Supreme Court of Georgia decided Asher v. Union Assur. Soc., 177 Ga. 662, 170 S. E. 786. The court held that the clause was not a covenant but merely a condition. It cited many of the cases herein referred to and held its ruling to be in accord with the weight of authority.

The Court of Appeals of Georgia then "overruled on review" Security Ins. Co. v. Eakin, *supra*. Asher v. Union Assur. Soc., 47 Ga. App. 620, 171 S. E. 238.

It would appear then that less than 2 years after the Supreme Court of Kansas had relied on the Georgia case, the court that wrote it had overruled it, and the Supreme Court of Georgia had announced a rule contra to that of Kansas. It would appear also that at the time the Supreme Court of North Dakota filed its opinion in Baker v. Fargo Building & Loan Assn., *supra,* in which it relied on the Georgia case, the Georgia case had been overruled 2 months prior thereto.

It is quite apparent from the above authorities that courts have found the clause here involved to be subject to diametrically different constructions. We con-

clude as did the Supreme Court of Ohio in George H. Olmstead & Co. v. Metropolitan Life Ins. Co., *supra,* that the authorities present persuasive authority that the clause is ambiguous and that "no other course presents itself than a construction most strongly against the party that selected the language and most favorably toward the party sought to be charged by it."

To this reasoning may be added the fact that the diversity of construction has existed in the decisions of the courts for many years, and yet the defendant continued to use the language that has caused the diverse decisions as to its meaning. In some of the opinions above cited it is suggested that had defendant desired to make certain of a construction that this clause was a covenant, a simple change in language could have expressed that purpose clearly. It did not do so.

It is stated in Restatement, Contracts, § 236, p. 328, that: "Where words or other manifestations of intention bear more than one reasonable meaning an interpretation is preferred which operates more strongly against the party from whom they proceed, unless their use by him is prescribed by law."

This language is in accord with our decisions. See 4 Nebraska Digest, Contracts, Key No. 155.

Commenting on the rule Restatement says: "This rule finds frequent application in regard to policies of insurance, which are ordinarily prepared solely by the insurance company, and therefore, the words of the policies are construed most strongly against it." Restatement, Contracts, § 236, p. 330.

We conclude then that the clause here involved is a condition and that the condition requires the plaintiff to pay the premium on the insurance involved from and after the date of the demand if plaintiff desires to keep the insurance in force. Such a conclusion is in accord with the authorities above cited that construe this language to be a condition.

It being stipulated here that the insurance was in full

force and effect when the losses involved occurred and that the demand of the defendant to pay the premium was not made until after the losses had occurred and the policy had been canceled, it must necessarily follow that plaintiff is entitled to judgment for the loss proven and is not required to pay the premium demanded.

It has been noted that of the premium demanded, $45.92 was on vehicles in which plaintiff had an insurable interest and $1,740.94 was on vehicles in which plaintiff had no insurable interest. Plaintiff not being required to pay any premium, it is not necessary to decide whether plaintiff, in the event this were a covenant, would be required to pay only the $45.92 or the total of the two items. However, in order that our decision may not be misconstrued as relating to the entire demand in the event a covenant is presented later, we point out that the only authority we have found on that matter is Stoddart v. Black, *supra,* which holds that where a covenant exists, the obligation to pay extends only to the interest of the mortgagee. See, 14 Appleman, Insurance Law and Practice, § 7842, p. 40; 44 C. J. S., Insurance, § 356, p. 1336; 36 Am. Jur., Mortgages, § 329, p. 853.

Defendant in its statement of questions involved advises us that the issue here is: Is this clause a condition or a covenant?

We have examined the authorities and determined that it is a condition.

Defendant in its argument concedes that the clause constitutes a condition and not a covenant. We have examined the authorities on that question in order to determine the obligations that attach in each instance. Defendant then says: "If the language of the Loss Payable Clause constitutes a condition, then there is no liability upon the appellee for failure to pay any premium due upon demand and the only consequence is that the appellee cannot enforce the policy as against the appellant. If the language constitutes a covenant, then

the appellee becomes liable for any premium due upon demand and the appellant has only a right of set-off. * * * It is the contention of the appellant that the appellee's breach or failure to perform the condition in the policy is a complete defense to the action by the appellee upon the policy. * * * the fact that the policy in this case had been cancelled at the time the demand for payment of premiums due by the mortgagee was made is of no importance. Also, the fact that the loss had already occurred is of no importance since the policy does not specify when the demand should be made. The purpose of the demand is simply to notify the mortgagee that the premium is unpaid and that the company intends to hold the mortgagee liable for the premium. If the mortgagee fails to comply with the demand, then a condition of the policy has been broken * * *."

Defendant would have us construe the condition so that upon demand being made it becomes an absolute covenant to pay.

Defendant would make the demand for payment of the premium retroactive. The stipulation does not show that there were any payments due at the time the losses occurred. As pointed out it is stipulated that the policy was in full force and effect when the losses occurred.

Defendant would have us attach to the condition the obligations that result from a covenant and would escape the obligations that result from a condition. That it cannot do.

The judgment of the trial court is affirmed.

AFFIRMED.